## KOLB v. JONES.

1. NOTICE—ATTORNEYS—SURVEY.—SERVICE of notice of survey after action commenced may be made on attorneys.
2. EVIDENCE—DEED.—QUIT CLAIM deed by several grantors may be introduced in evidence upon proof of execution by one grantor.
3. NONSUIT.—Where the evidence is that plaintiff went into possession of land under a deed, claimed and paid taxes on it for more than twenty years, nonsuit is properly refused.
4. CHARGE—ADVERSE POSSESSION.—Charge that possession of land under claim of ownership for more than twenty years presumes a grant is an instruction that possession must be adverse.
5. PRESUMPTION.—ADVERSE POSSESSION of land for more than ten years will not ripen into title unless the State has actively or presumptively parted with its title.

Before KLUGH, J., Sumter, October, 1899. Reversed.

Action for possession of land by Friendly Kolb against Lewis Jones. From judgment for plaintiff, defendant appeals.

*Messrs. Lee & Moise,* for appellant, cite: *Richardson deed was void here until execution of all joint makers was proved:* 9 S. C., 234. *What is color of title?* 42 S. C., 138; 16 S. C., 469; 2 Hill, 492. *Adverse possession is necessary to presumption of grant:* 48 S. C., 472. *Ten years adverse possession will not make title in absence of parting with title by State:* 48 S. C., 312; 56 S. C., 263.

*Mr. A. B. Stuckey,* contra, cites: *Ten years adverse possession ripens into title:* 50 S. C., 293, 457; 45 S. C., 312; 39 S. C., 14.

December 9, 1901. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is an appeal from a judgment on verdict in favor of plaintiff in an action to recover the possession of real estate.

13—62

The first exception alleges error in permitting Surveyor Haynesworth to prove the plat and survey made by him when, as alleged, it appeared that the survey was made without notice to the defendant or his attorneys. This exception was doubtless taken under a misapprehension, as the "Case" shows that ten days notice of the survey was served on defendant's attorneys. Under section 417 of the Civil Code, service of such notice after the commencement of the action was properly made upon the attorney.

The second exception assigns error in permitting plaintiff to introduce in evidence a deed purporting to be executed by Thomas E. Richardson and others to F. Kolb on proof of its execution by Thomas E. Richardson alone. It was competent to introduce the deed on the proof made, certainly in so far as it was sought to affect the interest owned by Richardson. *Harrelson* v. *Sarvis,* 39 S. C., 20. The deed purported to be a quit claim deed of the grantors of all right, title and interest in the premises, and was not such as to require the signature of all parties interested before becoming effective as to any who signed, as in *Arthur* v. *Anderson,* 9 S. C., 234.

The third, fourth and eighth exceptions charge error in the refusal of defendant's motion for nonsuit. In reference to these exceptions it will be sufficient to say that there was some evidence tending to show that plaintiff took possession of the land, having purchased it from W. E. Richardson in 1867, and that he continued to use the same and pay taxes thereon, claiming it as his own, down to 1892, the time of the trespasses complained of, a period of more than twenty years. It was proper to refuse nonsuit. *Busby* v. *R. R. Co.,* 45 S. C., 313.

The fifth exception complains of error in the following charge to the jury: "That if the jury find that the plaintiff entered into possession of the land in dispute, under the paper introduced in evidence as exhibit A, purporting to be signed by W. E. Richardson under a claim of

ownership, and if they find that he has personally or by his tenants continued in possession thereof for more than twenty years, then the jury must find he is presumed to have attained a grant from the State." The error specified in the exception is that such charge ignored the necessity of an *adverse* holding for the period named. The exception, we think, is not well taken, since a holding under a claim of ownership is an adverse holding.

The sixth exception imputes error in the following charge to the jury: "That if the jury find from the evidence that the plaintiff has been in open and notorious adverse possession of the premises in dispute for more than ten years before the alleged entries thereon by the defendant, then the jury are instructed to find for the plaintiff, unless the defendant has shown that subsequent to such period, he or his landlord has likewise held and possessed the premises in the same manner for a like period of ten years, or unless the defendant has shown a deed from the plaintiff." It is alleged that such charge was erroneous for the reason that ten years adverse possession alone without proving the equivalent to a grant, or that the State is not claiming the land in dispute, is insufficient to make a perfect title. This exception must be sustained. The case of *Busby* v. *Railroad Co.*, 45 S. C., 313, shows that in order to establish a title to real estate, acquired by adverse possession, it is necessary to show that the title to such real estate has passed out of the State actually or presumptively. By the testimony of the plaintiff, his adverse possession began in 1867. If this be so, under the cases of *Rehkoff* v. *Kuhland*, 30 S. C., 234, and *Lyles* v. *Roach*, 30 S. C., 291, the statute of limitations (ten years) then in force would govern in this case. But proof of ten years adverse possession alone is not sufficient to show title in plaintiff. It must also appear that the State has actually or presumptively parted with its title, for in the absence of such evidence the presumption is that the title still remains in the State, and inasmuch as the plaintiff must recover upon the strength of his own title and not upon the

weakness of the title of his adversary, it is incumbent upon plaintiff to overcome such presumption.    In Busby's case, *supra,* it was held that payment of taxes for a number of years on the land in dispute by plaintiff is some evidence to be submitted to the jury that the State had parted with title. In this case plaintiff testified that he had paid taxes on the land since 1867, but defendant disputed that there was any payment of taxes upon the land in controversy.    The charge was erroneous and harmful in relieving plaintiff from any necessity to show that the State had parted with title.

This conclusion renders it unnecessary to consider the remaining exceptions, which impute error in the refusal of the motion for a new trial.

The judgment of the Circuit Court is reversed and the case remanded for a new trial.