7147

BARDIN v. COMMERCIAL INSURANCE AND TRUST CO.

1. REAL PROPERTY—ADVERSE POSSESSION.—Twenty or ten years' adverse
possession may be acquired by tacking the possessions of ancestor and
heir. Woodland is held adversely by gathering wood, straw and tim-
ber therefrom, if this be the ordinary use for which the land is fitted.

2. IBID.—PRESUMPTIONS OF GRANT—TAXES.—Payment of taxes for a
number of years tends to show the State has parted with its title to
the lands.

Before DANTZLER, J., Florence, March term, 1908. Af-
firmed.

Action by M. W. Bardin *et al.* against Commercial In-
surance and Trust Company. From judgment for plain-
tiffs, defendant appeals.

*Messrs. Willcox & Willcox,* for appellant, cite: *Proof
of adverse possession:* Dud., 177; 14 S. C., 594; 22 S. C.,
361; 62 S. C., 195; 45 S. C., 312; 64 S. C., 488. *Proof of
title:* 53 S. C., 216.

*Mr. J. P. McNeill,* contra.

April 9, 1909. The opinion of the Court was delivered
by

MR. JUSTICE JONES. This action was to recover a tract
of land in Florence county containing two hundred and
thirty-one acres. The answer, besides a general denial,
plead the Statute of Limitations, adverse possession and
presumption of a grant. At the close of plaintiff's testi-
mony, defendant moved for a nonsuit on the grounds that
there was no evidence of a grant or presumption of a grant
from the State, and no testimony tending to show that
plaintiff and defendant claimed from a common source.
This motion being overruled defendant submitted no testi-

mony and the jury rendered a verdict for the plaintiff and from the judgment thereon defendant appeals, renewing the question presented on the motion for nonsuit.

We think there was no error. There was testimony that S. S. A. Brooks in 1882 conveyed a 441 acre tract of land, which included the tract in question, to I. V. Bardin. That the tract in dispute was mostly woodland or bay land, the principal value of which was the timber; that it was known as the Bardin land and was used by Bardin for the purpose of getting wood, straw and timber therefrom when needed, and that Bardin paid the taxes thereon until his death in 1897. His widow and children, the plaintiffs, continued in possession using the land in the same way, or permitting their tenants to use the land for wood, straw and timber, and the widow continued to pay the taxes thereon. This action was commenced on September 21, 1905, twenty-three years after the Bardins acquired color of title and possession. The possession of ancestor and heir may be tacked to show twenty years' possession so as to presume a grant or ten years' adverse possession so as to make out title by adverse possession, because there is no break in the continuity of possession. *Duren* v. *Kee,* 26 S. C., 219, 2 S. E., 4; *Epperson* v. *Stansil,* 64 S. C., 488, 42 S. E., 426; *Kilgore* v. *Kirkland,* 69 S. C., 85, 48 S. E., 44. The possession of the Bardins was adverse and continuous for more than twenty years and while the land in question was not cultivated or enclosed it was used for the supply of fuel and timber, the ordinary uses for which such land was fitted. Code Procedure, sec. 103.

The payment of taxes on the land for a number of years by the Bardins was also some evidence to be submitted to the jury on the ground whether the State had parted with title. *Busby* v. *R. R. Co.,* 45 S. C., 313, 23 S. E., 50; *Kolb* v. *Jones,* 62 S. C., 195, 40 S. E., 168.

The judgment of the Circuit Court is affirmed.