8863

SEACOAST TIMBER CO. *ET AL.* v. THOMAS.

(82 S. E. 274.)

RECOVERY OF REAL PROPERTY.   EVIDENCE.   ISSUE FOR JURY.

1. Evidence showing a chain of title in plaintiffs, coupled with testimony showing that their predecessors in title paid taxes on the land and had possession for more than 40 years and until within 10 years before the commencement of the action, makes out a *prima facie* case of ownership by plaintiffs, raising a presumption that their predecessors in title took under a grant from the State.

2. In an action to recover land, where neither party deraigned title
   from the State, but both introduced evidence tending to raise the
   presumption of a grant, the question of title is for the jury.

Before Wilson, J., Monck's Corner, March, 1913. Affirmed.

This was an action brought originally by Theodore G. Barker *et al.* against Harvey C. Thomas *et al.,* for the recovery of possession of a tract of land in Berkeley county, which suit was commenced in July, 1906. The case was tried before Judge Memminger and a jury. The jury found for the defendant and Judge Memminger of his own motion set aside the verdict on the ground that it was inconsistent with the testimony. See *Barker* v. *Thomas,* 85 S. C. 82, 67 S. E. 1.

Since then the Seacoast Timber Co. and Joseph F. Heyward were substituted as plaintiffs, and the case dismissed as to Mrs. Haynes. The case was then tried before his Honor, Judge John S. Wilson, and a jury, in March, 1913. At the close of plaintiff's testimony the defendant made a motion for a nonsuit and direction of verdict on the grounds that plaintiffs had failed to connect with a grant or to show any title in themselves. This motion was refused and the case went to the jury, who rendered a verdict in favor of the plaintiffs. The defendant thereupon made a motion for a new trial on the same grounds practically as the motion for a nonsuit, and on the additional ground that the testimony showed title in defendant, and that the jury should have found for the defendant. This motion was refused by his Honor in a short order, and from the order refusing a nonsuit and the order refusing a new trial, the defendant, Harvey C. Thomas, appeals to this Court.

*Mr. W. A. Holman,* for appellant, cites: 37 S. C. 102.

*Messrs. Ficken & Erckmann,* for respondent, cite: *Payment of taxes evidence to go to jury:* 82 S. C. 358; 45

S. C. 312. *Evidence as to possession of plaintiff's prede-cessors in title for jury:* 3 Starkie Ev. 1229, 1226; 3 Term Rep. 158. *Kind of possession necessary to hold unculti-vated pine lands:* 82 S. C. 358. *The evidence being suf-ficient to presume a grant, and title in plaintiff's prede-cessors, possession will be presumed within time required by law:* Code Civil Proc., sec. 126.

July 3, 1914.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This was an action to recover a tract of timber land. The defendant denied plaintiffs' title, asserted title in him-self, and pleaded the statute of limitation.

The plaintiffs proved a complete chain of title in them-selves, which had its origin in the will of Thomas Brough-ton, dated in 1808. Their testimony tended to show that their predecessors in title had paid taxes on the land, and had possession more than 40 years before the trial, and that their possession continued to within 10 years before the commencement of the action, which was in 1906. They proved such acts of ownership as are usually exercised over woodland. The testimony was indefinite and somewhat conflicting as to the dates and dura-tion of these acts, but it was sufficient to make out a *prima facie* case and raise the presumption of a grant from the State. *Bardin* v. *Ins. Co.,* 82 S. C. 358, 64 S. E. 165; *Smyly* v. *Colleton Co.,* 95 S. C. 347, 78 S. E. 1026.

The testimony did not show title in defendant, as a matter of law. He seems to have overlooked the fact that his pos-session did not commence until 1903, the date of the con-veyance to him, and that, even if it showed such possession in him and his grantors as would war-rant the presumption of a grant from the State, still the issue should have been submitted to the jury, whose province it was to determine the character and duration of

8—98.

the possession which was relied upon by both parties. *Smyly* v. *Colleton Co., supra.*

There was, therefore, no error in submitting the case to the jury or in refusing to set aside the verdict.

Affirmed.

MR. JUSTICE GAGE dd not sit in this case.