## 10081

### GOINGS *ET AL.* v. MITCHELL.

#### (96 S. E. 612.)

1. TRESPASS—VARIANCE—DESCRIPTION IN DEED.—In action for trespass and for possession of land, variance between complaint alleging land to lay in one township and a deed admitted in proof of plaintiff's title, describing land as being in another township, is not material.

2. EVIDENCE—ANCIENT PLAT.—In action for trespass and to recover possession of land, a plat, purporting to have been made in 1851 and being in plaintiff's possession, was competent evidence without proof of who made it or when it was made.

3. ADVERSE POSSESSION—DURATION OF POSSESSION—TACKING POSSESSIONS—HEIR AND ANCESTOR.—An heir may tack his holding to that of the ancestor in before him to make up a holding of 10 years' adverse possession.

4. ADVERSE POSSESSION—DURATION OF POSSESSION—TACKING POSSESSION—UNRELATED HOLDING.—Two unrelated holdings, each of five years' possession, cannot be united in the last occupant to make up a holding of 10 years' possession.

5. TRESPASS—EVIDENCE—PRIMA FACIE CASE.—In action for trespass and to recover possession of land, where plaintiff proved possession under claim of title, and that defendant forcibly deprived them of possession, it was unnecessary to go further and prove 10 years' possession.

6. TRIAL—INSTRUCTIONS—PROVINCE OF JURY.—In action for trespass and to recover possession of land, a requested instruction as to what intending purchaser of land must do towards investigation before he buys *held* invasion of province of jury.

Before SEASE, J., Union, Spring term, 1917.

Action by George W. Goings and another against Lemuel Mitchell. Judgment for plaintiff, and defendant appeals.

*Mr. John K. Hamblin,* for appellant, submits: *That the plat offered in evidence was never proven or identified:* 82 S. C. 215; 90 S. C. 513; 80 S. C. 273; 80 S. C. 242. *There is a difference in the law between an action for the recovery of land, and an action for the taking possession and depriving plaintiff of the possession of property:* 53 S. C. 90. *There can be no taking where the grantor owned the land for six years and the grantee for four years—these two periods of time cannot be tacked in order to constitute the*

*ten years adverse holding:* 87 S. C. 388; 90 S. C. 513; 64 S. C. 488.  *That his Honor erred in charging that if defendant was not in possession of the land in dispute, but entered upon the same without right and ejected the plaintiff, while the plaintiff had possession, then the defendant would be a trespasser, and in this action would have to prove his title by the greater weight of evidence—the proposition of law should have contained the statement provided defendant did not have a legal title to the land when he entered:* 86 S. C. 358.  *That his Honor erred in charging that this action is an action in the nature of trespass quare clausum fregit, and that mere peaceable possession is enough to support the plaintiff's action and put the defendant to proof of his title:* 97 S. C. 130.  *His Honor should have charged that plaintiffs have no right to recover upon the weakness of defendant's case, but must rely upon the strength of their title to recover the land in question:* 99 S. C. 151.  *A person has no right to recover land unless he has held it for the statutory period of ten years:* 92 S. C. 65.  *It is the business of one, who buys land or attempts to secure a lien thereon, to inquire into the rights of another, who is notoriously in possession of the land:* 22 S. C. 32.  *Plaintiffs can recover by virtue of their title alone, and if the title be in anybody else, plaintiffs are not entitled to recover:* 99 S. C. 151.  *The Court erred in not reading to the jury section 123 of the Code of Procedure.*

*Messrs. Wallace & Barron* and *T. H. Munro,* for respondents, cite: *As to the admission of the plat:* 2 Nott & McCord 400; 2 A. & E. Ency Law, p. 327; 1 Rich. 54.  *As to this action being one in the nature of the old action of trespass quare clausum fregit:* 86 S. C. 362; 2 Hill 503; 59 S. C. 115; 37 S. E. 240; 60 S. C. 401; 17 S. C. 163; 63 S. C. 244; 67 S. C. 234.  *As to a tacking of the possession of ancestor and heir:* 69 S. C. 278.  *As to there being no error in refusing to instruct the jury, before plaintiff could recover, he must show by the preponderance of the evidence, that he was*

*seized and possessed of the premises in question, within ten years before the commencement of the action:* 59 S. C. 115.

September 3, 1918.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action of trespass *quare clausum fregit;* the answer was a general denial, some other defenses not relevant to the questions now up, and the statute of limitations.    The parcel of land in issue contains but 23½ acres.    The verdict was for the plaintiffs, and the defendant has appealed.

There are 11 exceptions, which need not be considered in detail, for they do not make so many issues.    The first two of the exceptions are to the admission of documentary testimony.    The plaintiffs offered in evidence the deed 1, 2    under which they claimed to own the land; it described the land as lying in Goshen Hill township. The objection to the deed was that the complaint described land in Union township.    That is a mistake; the complaint did not allege that the land lay in Union township; but, had it done so, the variance would not have been material.    The deed was competent.    And so was the plat purporting to have been made in 1851.    The plat was of age, and could speak for itself; there was no need to prove who made it or when it was made, for it was in the plaintiffs' possession. *Duncan v. Beard,* 2 N. & McC. 406; Jones on Evidence, sec. 309.

All the other exceptions relate to the charge and the refusal to charge.    And the chief contention of the defendant thereabout is that which the Court said about the difference betwixt an action like this, that is to say, by one recently in possession and deprived thereof by a trespasser, and another action, by one out of possession and suing upon a paper title to recover possession.

In the first case stated the Court more than once announced the law stated in *Connor v. Johnson,* 59 S. C. 131, 37 S. E. 240, to wit, that when the plaintiff proved his possession and

the trespass upon it, then the defendant had the burden of proving a title in himself.

The 3d, 4th, 6th, 7th, 7½th and 10th exceptions refer in differing expressions to the same issue. The Court distinctly instructed the jury that the testimony must satisfy it that the plaintiffs were in actual occupancy of the land, claiming it, and, if that was true, then the plaintiffs would be entitled to a verdict unless the defendant satisfied the jury he had a good title in himself.

The Court was right to instruct the jury that the heir might tack his holding to that of the ancestor in before him to make up a holding of 10 years' adverse possession.

Holmes writes that so much in principle was stated by Scævola as long as 30 years B. C. Holmes, Com. Law, p. 363. The Court distinctly instructed the jury that if there were two unrelated holdings, one a possession of 5 years and the other a possession for 5 years, then these two possessions could not be united in the last occupant. So much is elementary.

The eighth and eleventh exceptions are one; they raise the same issue as the group before considered.

If the plaintiffs proved to the jury's satisfaction that they were in possession and claiming title, and that the defendant forcibly deprived them of that possession, then the plaintiffs did not have to go further at that time and prove that they had been in ten years.

The ninth exception only remains to be considered; it refers to the defendant's eleventh request to charge. The appellant relies on *Sheorn v. Robinson,* 22 S. C. 32, to sustain the request. The Court in that case was considering the equitable defense of a lack of notice.

The instant case is at law, and the Court would have invaded the jury's province to tell the jury what an intending purchaser of land must do towards investigation before he buys.

The judgment is affirmed.