13248

SALUDA LAND & LUMBER CO. v. FORTNER *ET AL.*

(160 S. E., 594)

*Mr. E. M. Blythe,* for appellant,

*Messrs. H. K. Townes* and *C. S. Bowen,* for respondent,

September 28, 1931.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

In September, 1926, the plaintiff brought an action against the defendants to recover possession of a tract of land located in Cleveland township, Greenville County. By consent of all the parties, trial by jury was waived, and the case was heard by Judge Grimball, who, on August 9, 1928, filed a decree giving judgment for the defendants. Thereafter, and within two years, the plaintiff brought a second action, the present one, for the recovery of the same tract of land, the complaint being practically identical with that in the first action. See subdivision 2 of Section 317, Volume 1, Code 1922.

The defendants, by their answer, interposed a general denial, and pleaded "that these defendants purchased in 1926, from the State of South Carolina, the land described in the complaint," and have been in lawful possession since that time.

Trial was had before Judge Townsend and a jury, at the February, 1930, term of the Court of Common Pleas for Greenville County. Plaintiff's motion for a directed verdict

was overruled, and the case submitted to the jury, who found that the defendants had title to, and possession of, 156 acres of the tract of 165 acres claimed by them. From judgment entered on the verdict, plaintiff appeals.

The appellant assigns error to the trial Judge (1) in refusing to grant its motion for a direct verdict, and (2) in refusing to admit certain testimony. The motion for a directed verdict was made upon two grounds, the first of which was as follows: "The evidence is susceptible of no other inference than that plaintiff has proved title in itself and its predecessors in title to the grant to George F. Townes in 1831, and has, therefore proved perfect legal title in itself; the defendant has proved only a grant to itself in 1926, and having offered no testimony tending to show that the State has been reinvested with title, of which it had divested itself in 1831, the grant to defendants is void and their occupancy is a trespass."

In 1831, the State made a grant of a tract of land to George F. Townes, a plat referred to therein showing the area to be 1,600 acres. The appellant claims title in itself, through its predecessors in title, to the lands covered by this grant. The respondents, in 1926, obtained from the State a grant of 165 acres of land, which they claim adjoins the Townes grant on the south and southwest, but which appellant claims to be part thereof. The determination of this issue depends chiefly upon the length of the western and eastern boundary lines of the Townes grant.

The appellant asserts that the western line, the length of which is shown on the original plat as 140 chains, extends, as actually laid out on the ground, 180 chains to a proved corner, being 40 chains longer than as shown on the plat, and that when the eastern line is extended accordingly, that is, from 275 to 315 chains in length, the grant is shown to include the lands claimed by the defendants. The respondents contend that the original plat correctly shows the courses, distances, and corners of the grant, and that therefore the lands claimed by them are not

included in the Townes grant, pointing out that while the Townes grant does not call for any lands in Pickens County, the appellant's survey carries it across the South Saluda River and takes in about 15 acres of land in that county.

While we have made a careful and painstaking examination of the testimony bearing upon this question, we deem a discussion of it unnecessary. The appellant introduced in evidence maps of the lands; and its surveyors and other witnesses gave evidence tending to establish and support its contention. On the other hand, the respondents offered as witnesses surveyors who had run the western line, and who testified that the original plat correctly showed that line, with a length of 140 chains. This testimony, along with that of other witnesses, tended to establish the claims of the respondents. In other words, the evidence on this point was in sharp conflict, and the issue was correctly submitted to the jury under proper instructions.

But the appellant further contends that, even if the Court was right in overruling its motion for a directed verdict as to the first ground, there was error in not granting it upon the second ground, which was, in substance, that the evidence was susceptible of no other reasonable inference than that the plaintiff had shown title, in 1903, in Betty Orr, its predecessor, to the lands which the defendants claim were granted to them by the State in 1926, and that Mrs. Orr and her successors in title had possession of the lands in dispute for more than twenty-three years, thereby giving rise to a presumption of a grant to her by the State, which had the legal effect of an actual grant.

In 1903, the sheriff of Greenville County under a judgment execution sale of the Townes grant, conveyed to Mrs. Betty Orr a tract of land "containing sixteen hundred acres, more or less, but upon a recent survey this tract has been found to contain twenty-six hundred acres, more or less," etc. Appellant's contention is, for the present purpose, that even if the original Townes grant embraced only 1,600

acres, the sheriff's deed, by reason of the survey therein referred to, conveyed to Mrs. Orr 2,600 acres, the additional 1,000 acres including the land herein claimed by the defendants. It further contends that the levy by the sheriff was presumptive evidence of possession in any other person, it is clear that Mrs. Orr and her successors had title and possession for twenty-three years, which raises a presumption of a grant. The respondents say that there is no question of adverse possession in the case, as such possession was not pleaded, and that the plaintiff should be restricted to its claim of title as alleged; but that further the testimony tended to show that there was no adverse possession by plaintiff and its predecessors in title, but rather that prior to the taking of possession by the respondent in 1926, there was no evidence of possession by any one; and that, if the levy by the sheriff raised a presumption that he took possession, this would not raise the presumption of a grant, for the reason that one presumption cannot be based upon another; and that, finally, there was positive evidence that tended to rebut the presumption of possession, if such a presumption could be indulged.

While adverse possession was not pleaded by the plaintiff, the evidence, though meager, raised the issue. However, with regard to granting of plaintiff's motion for a directed verdict on that ground, we think, from an examination of the entire record, that the Court properly submitted to the jury the question whether the lands granted to Mrs. Orr by the sheriff included the land here claimed by the defendants. Under the testimony, the appellant was not entitled to more.

The appellant finally contends that, even if the Court cannot sustain its position as to direction of a verdict, there should be a reversal because of error committed by the Court in refusing to admit testimony showing payment of taxes on the land in dispute by plaintiff and its predecessors in title for the reason that this

testimony was competent and relevant (1) to show title and possession, and (2) to show a presumption of a grant by the State.

When Mrs. Logenbach, a witness for the plaintiff, was on the stand, she testified that she was the bookkeeper for the Saluda Land & Lumber Company; and it was attempted to be shown by her that the company made returns for taxation on the property in question. After a few of the returns had been placed in evidence, including returns of the Betty Orr land conveyed by her to Johnston, the Court ruled that the mere fact that the property was returned for taxation was not evidence of title in the party making such returns. Counsel for appellant, however, claimed that the evidence raised the presumption of a grant. The Court then ruled that the testimony was not competent to show either possession or title or presumption of a grant.

The Court was not without authority for its ruling (*Gadsden v. Investment Company*, 99 S. C., 172, 82 S. E., 1052); but even if the evidence should have been admitted for what it was worth, we do not think its exclusion was reversible error. When F. G. Hamblin, manager of the appellant company, was on the stand, he testified that Grover Fortner, one of the defendants, had approached him to ascertain whether the appellant would consider selling the tract of land on which Bald Rock was located, and that upon investigation the company afterwards found that the land claimed by Fortner was the same tract on which Bald Rock was located, and that this was land which the company had "always considered and returned as a part of the Betty Orr tract."

The conclusions we have reached render the appeal from the order settling the case academic.

The exceptions are overruled, and the judgment of the lower Court is affirmed.

Messrs. Carter and Bonham and Mr. Acting Associate Justice R. E. Whiting concur.

Mr. Justice Cothran dissents.

Mr. Chief Justice Blease did not participate.

Mr. Justice Cothran (dissenting) : I think that the motion of the plaintiff for a directed verdict in its favor should have been granted upon either or both of the following grounds :

1. That no other reasonable inference can be drawn from the evidence than that the plaintiff has completed its chain of title without the absence of a single link back to the grant from the State to Townes in 1831, and has shown at least presumed possession of the property all along the line from that time to the present; the defendants rely upon a grant from the State in 1926, nearly 100 years later than the Townes grant.

I do not think that a grant from the State is entitled to the sanctity which appears to have been accorded to it; any one, at any time, may secure from the State a grant to any tract of land in the State upon complying with the conditions prescribed by the Land Office; it is no more than a quitclaim deed conveying to the grantee the interest of the state in the particular tract; it is without warranty, and contains neither a declaration of title in the State, nor an assurance of title to the grantee. As is said in the case of *Thompson v. Hauser,* 2 Mill, Const., 356, it simply raises the presumption that the formalities for its acquisition have been complied with. It, of course, may be the starting point for the establishment of adverse possession. A junior grant is presumed to be void. *Frampton v. Wheat,* 27 S. C., 288, 3 S. E., 462.

2. Assuming, however, that the foregoing ground cannot be sustained, the evidence is susceptible of no other reasonable inference than that the plaintiff has shown title and possession in Mrs. Betty Orr, its predecessor, in 1903, to lands which are admitted to be covered by the grant of the defendants; Mrs. Orr and her successors in title have therefore shown title to and possession of the lands in dispute

for more than twenty-three (23) years, thereby giving rise to an irrebuttable presumption of a grant by the State to Mrs. Orr, which has the legal effect of an actual grant to her.

If neither of these positions can be sustained, it seems clear to me that there is error in the exclusion of the tax receipts offered by the plaintiff. Under the case of *Bardin v. Trust Company,* 82 S. C., 358, 64 S. E., 165, a grant by the State may be presumed from the payment of taxes. I do not think that the error was cured by the reception of the testimony of Mr. Hamblin; the tax receipts were the best evidence, and his statement was vague and indefinite, and necessarily did not carry the weight of the tax receipts.

I think, therefore, that the judgment should be reversed, and the case remanded to the Circuit Court, with direction to enter judgment in favor of the plaintiff under Rule 27, and at the least that a new trial should be granted for error in excluding the tax receipts.