16663

TERWILLIGER v. DANIELS

(72 S. E. (2d) 167)

Messrs. *Williams & Busbee,* of Aiken, *for Appellant,*

*Messrs. Henderson, Salley & Cushman,* of Aiken, *for Respondent,*

Aug. 22, 1952.

FISHBURNE, Justice.

This action was brought by the plaintiff to exclude the defendant from any interest in the real estate described in the complaint, consisting of about 400 acres. This is the same tract which originally belonged to the Oliveros-Holley Land Company, a corporation organized by L. M. C. Oliveros, the father of appellant, and W. W. Holley. It is the same tract to which reference is made in the companion case of *Terwilliger v. Marion, S. Car., 72* S. E. (2d) 165.

It is admitted that the Oliveros-Holley Land Company sold and conveyed unto Sims J. Daniels, the father of respondent, Lot No. 22 in Block 50 on a plat made in 1907 by P. S. Norris, Civil Engineer, and two other lots designated on the said plat as Nos. 22 and 23 in Block 15. These lots, together with many others, were sold by the Oliveros-Holley Land Company and were included in the 400 acre tract as a residential development. The above mentioned lots were conveyed on March 17, 1942, by Sims J. Daniels to his son, Grady Daniels, the respondent in this case.

We have practically the same issue here on appeal as was discussed in the companion case referred to—*Terwilliger v. Marion, Respondent.* The appellant claimed title to the property by adverse possession,—that is by tacking her possession to the adverse possession of her father, L. M. C. Oliveros, who died in 1936, and her mother, who died in 1938. Her claim is based on the ten year and 20 year periods.

The trial judge instructed the jury that our law recognizes title to real property acquired by adverse possession, and went on to say in his charge:

"Before defining adverse possession to you I want to tell you that there are two periods that the law recognizes, one

is a 10 year period and the other a 20 year period. The law says that if a person proves they have been in adverse possession of real property for a period of 10 years and shows that they have been in adverse possession for that period, then that is sufficient so far as the length of time is concerned, but under the 10 year period the plaintiff must be the person who has held possession of that land for the full ten years and no other. * * * but you cannot act (tack) under the 10 year statute. You must show it individually they held it for the 10 year period. Both periods must be prior to the time of the filing of this suit which according to the record on the back of the complaint was December 6, 1947."

It has been held in many cases that the possession of ancestor and heir may be tacked. As was said in *Bardin v. Commercial Ins. & Trust Co.,* 82 S. C. 358, 64 S. E. 165:

"* * * The possession of ancestor and heir may be tacked to show 20 years' possession so as to presume a grant or 10 years' adverse possession so as to make out title by adverse possession, because there is no break in the continuity of possession. *Duren v. Kee,* 26 S. C. 219, 2 S. E. 4; *Epperson v. Stansill,* 64 S. C. [485] 488, 42 S. E. 426; *Kilgore v. Kirkland,* 69 S. C. [78] 85, 48 S. E. 44."

To the same effect is *Goings v. Mitchell,* 110 S. C. 380, 96 S. E. 612, and *Wells v. Coursey,* 197 S. C. 483, 15 S. E. (2d) 752.

It is evident that the foregoing charge of the court constituted error and that under the evidence offered and the issues made, was prejudicial to the rights of appellant.

It is argued by appellant, that the court erred in refusing to grant a directed verdict at the close of the testimony and thereafter the motion for a verdict *non obstante veredicto,* or for a new trial,—upon the ground that there was no testimony upon which to base a verdict for the defendant.

We think the lower court was correct in overruling these motions. In our opinion, the evidence contained in the record raised issues properly submitted to the jury.

In view of the error contained in the charge of the court to the jury upon the law of adverse possession, we think a new trial should be granted; and it is so ordered.

Judgment reversed.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.