0465

J. P. YOUNG, Respondent, v. J. E. NIX; Elsie Southerland Young; Ester Young; Gary Young; Robert Young; Noreen Young; Mack Young; S. T. Young; K. V. Young; and (as Defendants whose names are unknown); any child or children and any heirs at law or distributees of the above named Defendants, if deceased; and all persons entitled to claim under or through them, or any of them; also all other persons unknown, claiming any right, title, estate, interest in, or lien upon the real estate described in the Complaint herein; any unknown adults, being as a class designated as John Doe, and any unknown infants or persons under disability, as a class designated as Richard Roe, Defendants, of whom J. E. Nix is, Appellant.

Appeal of J. E. NIX
(332 S. E. (2d) 773)

Court of Appeals

*Melvin K. Younts* and *M. Wallace Smith, Younts, Smith & Varner*, Greenville, *for appellant.*

*Joseph W. McGowan, III* of *Abercrombie & McGowan*, Laurens, *for respondent.*

Heard March 25, 1985.

Decided May 13, 1985.

GARDNER, Judge:

J. P. Young instituted this partition action in which J. E. Nix was allowed to interplead and assert a claim of adverse possession. The trial court ruled that Nix's possession was permissive and not hostile and granted summary judgment in favor of Young. We agree and affirm.

In 1912 M. M. Nix acquired title to a large tract of land in Laurens County. He divided this property into three tracts in 1921 and then deeded one tract to each of his three grandchildren, Nora Young, James Fred Nix and A. R. Nix.

Nora Young died in the mid-1920's. Although the property had been divided by these deeds, it was apparently always operated as one farm although there were fence lines predating the 1921 deed which actually separated the different

tracts. Nix testified that his father, James F. Nix, obtained permission to use the land from Z. V. Young, Nora Young's widower after her death. In 1938 it appeared that the Nora Young tract was going to be sold for taxes; at that time Nix paid the back taxes. Nix cleared the land and farmed it and continued to pay the taxes, which were returned in the name of Z. V. Young's estate. Nix admits that he never contacted the heirs of Nora Young but contends that since he has farmed the land for more than forty years, he has title by adverse possession.

The only issue on appeal is whether the trial judge erred in holding that Nix's possession of the land was permissive and not hostile, therefore preventing the acquisition by Nix of title to the land by adverse possession.

We find no merit in Nix's contention. Where one ██ enters land under permission from the titleholder, the possession can never ripen into an adverse title unless a clear and positive disclaimer of the title under which entry was made is brought home to the other party. *Bradley v. Calhoun*, 125 S. C. 70, 117 S. E. 811 (1923). There was no such disclaimer.

For the reason given, the appealed order is affirmed.

Affirmed.

CURETON, J., concurs.

GOOLSBY, J., concurs in result only.