**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Bruce Miller, Appellant,

v.

Columbia Forest, Inc., Forest Hatch and Ida M. Singleton, Respondents.

Appellate Case No. 2013-000511

———————

Appeal From Beaufort County
Marvin H. Dukes, III, Master-in-Equity

———————

Unpublished Opinion No. 2014-UP-364
Heard October 8, 2014 – Filed October 22, 2014

———————

**AFFIRMED**

———————

James H. Moss and H. Fred Kuhn, Jr., both of Moss Kuhn & Fleming, PA, of Beaufort, for Appellant.

Colden R. Battey, Jr., of Harvey & Battey, PA, of Beaufort, for Respondents.

———————

**PER CURIAM:** In this civil appeal, Bruce Miller argues error in two orders from the Master-in-Equity. First, Miller contends the master erred in vacating the entry of default against Ida M. Singleton. Second, Miller contends the master erred in

finding he had not adversely possessed property that was titled in Singleton's name. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the master erred in vacating the entry of default against Singleton: *Sundown Operating Co. v. Intedge Indus.*, 383 S.C. 601, 607, 681 S.E.2d 885, 888 (2009) ("The standard for granting relief from an entry of default under Rule 55(c) is mere 'good cause.'" (quoting Rule 55(c), SCRCP)); *id.* at 607-08, 681 S.E.2d at 888 ("This standard requires a party seeking relief from an entry of default under Rule 55(c) to provide an explanation for the default and give reasons why vacation of the default entry would serve the interests of justice. Once a party has put forth a satisfactory explanation for the default, the [master] must also consider: (1) the timing of the motion for relief; (2) whether the defendant has a meritorious defense; and (3) the degree of prejudice to the plaintiff if relief is granted. The [master] need not make specific findings of fact for each factor if there is sufficient evidentiary support on the record for the finding of the lack of good cause. A motion under Rule 55(c) is addressed to the sound discretion of the [master]." (internal citations omitted)); *id.* at 608, 681 S.E.2d at 889 ("It is often observed . . . that the criteria for obtaining relief from judgment under Rule 60(b)—mistake, inadvertence, excusable neglect, surprise, newly discovered evidence, fraud, misrepresentation—are relevant in determining whether good cause has been shown under Rule 55(c), SCRCP. However, we caution that this language invites [masters] to apply a heightened standard to Rule 55(c) motions. The Rule 60(b) factors are indeed relevant to a Rule 55(c) analysis, but only insomuch as proof of any one of these factors is sufficient to show 'good cause.' No trial court should ever find good cause lacking based solely on the absence of a Rule 60(b) factor." (internal citation omitted)).

2. As to whether the master erred in finding Miller did not prove adverse possession by clear and convincing evidence: *Jones v. Leagan*, 384 S.C. 1, 10, 681 S.E.2d 6, 11 (Ct. App. 2009) (noting that "[b]ecause an adverse possession claim is an action at law, the character of the possession is a question for the jury or fact finder," and, thus, "appellate review is limited to a determination of whether any evidence reasonably tends to support the trier of fact's findings"); *id.* at 10-11, 681 S.E.2d at 11 (stating the party asserting adverse possession must show by clear and convincing evidence that he has possessed the property in a manner that was continuous, hostile, open, actual, notorious, and exclusive for at least ten years (citing S.C. Code Ann. § 15-67-210 (2005)); *Getsinger v. Midlands Orthopaedic Profit Sharing Plan*, 327 S.C. 424, 430, 489 S.E.2d 223, 225-26 (Ct. App. 1997) ("In addition to the 10-year statute of limitation for adverse possession, South

Carolina common law recognizes the 20-year presumption of a grant." (citing *Terwilliger v. Daniels*, 222 S.C. 191, 193, 72 S.E.2d 167, 168 (1952))); *id.* at 430, 489 S.E.2d at 226 (holding the elements of adverse possession must also be present to support a presumption of a grant); *Millvale Plantation, LLC v. Carrison Family Ltd. P'ship*, 401 S.C. 166, 177, 736 S.E.2d 286, 292 (Ct. App. 2012) ("'If a claimant asserts title by adverse possession and his or her occupancy is not under color of title, the claimant must show either fencing or other improvements covering most of the subject land or some other continuous use and exercise of dominion.'" (quoting *Frazier v. Smallseed*, 384 S.C. 56, 63, 682 S.E.2d 8, 12 (Ct. App. 2009))); *McDaniel v. Kendrick*, 386 S.C. 437, 444, 688 S.E.2d 852, 856 (Ct. App. 2009) (finding "a party cannot adversely possess property used with permission," but "a party may begin to satisfy the requirement of hostility upon a clear disclaimer of the owner's title"); *Young v. Nix*, 286 S.C. 134, 136, 332 S.E.2d 773, 774 (Ct. App. 1985) (holding claimant who had farmed tract of land for more than forty years with permission of property owner's widower did not establish claim of adverse possession without a "clear and positive disclaimer of the title under which entry was made").

3. As to whether the master erred in finding laches did not apply to prevent Singleton from defending legal title to the property: *Jones v. Leagan*, 384 S.C. 1, 19-20, 681 S.E.2d 6, 16 (Ct. App. 2009) ("The equitable doctrine of laches is defined as 'neglect for an unreasonable and unexplained length of time, under circumstances affording opportunity for diligence, to do what in law should have been done.'" (quoting *Hallums v. Hallums*, 296 S.C. 195, 198, 371 S.E.2d 525, 527 (1988))); *id.* at 20, 681 S.E.2d at 16 ("The party seeking to establish laches must show (1) delay, (2) that was unreasonable under the circumstances, and (3) prejudice.  To establish laches as a defense, the defendant must show the complaining party unreasonably delayed its assertion of a right, thereby prejudicing the defendant." (internal citation omitted)); *Emery v. Smith*, 361 S.C. 207, 220, 603 S.E.2d 598, 605 (Ct. App. 2004) ("[T]he application of laches is a matter of discretion, not of right.").

**AFFIRMED.**

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**