**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bonita Steed and Bernard Steed, Respondents,

v.

Antoine Heyward, Ruby Heyward and also all other persons unknown, claiming any right, title, estate, interest in or lien upon the real estate described in the amended complaint herein, Appellants.

Appellate Case No. 2020-001104

———————

Appeal From Charleston County
Bentley Price, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-445
Submitted November 1, 2022 – Filed December 7, 2022

———————

**REVERSED AND REMANDED**

———————

Karen Marie DeJong, of DeJong Law Firm, LLC, of Mount Pleasant, for Appellants.

Alice F. Paylor, of Saxton & Stump, LLC, of Charleston, for Respondents.

———————

**PER CURIAM:** Antoine Heyward and Ruby Heyward appeal the circuit court's order granting summary judgment to Bonita Steed and Bernard Steed. The circuit

court held the Steeds had established adverse possession of the property (the Property) and the Heywards' action to quiet title to the Property was barred by the doctrine of laches. The Heywards also appeal the circuit court's order granting sanctions. We reverse and remand.

1. We hold the circuit court erred in granting the Steeds summary judgment on their claim for adverse possession of the Property. *See Lanham v. Blue Cross & Blue Shield of S.C., Inc.*, 349 S.C. 356, 361, 563 S.E.2d 331, 333 (2002) ("An appellate court reviews a grant of summary judgment under the same standard applied by the [circuit] court pursuant to Rule 56, SCRCP."); *id.* ("Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."); *id.* at 362, 563 S.E.2d at 333 ("On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party below."); *McDaniel v. Kendrick*, 386 S.C. 437, 442, 688 S.E.2d 852, 855 (Ct. App. 2009) ("In order to establish a claim of adverse possession, the claimant must prove by clear and convincing evidence his possession of the subject property was continuous, hostile, actual, open, notorious, and exclusive for the statutory period."); S.C. Code Ann. § 15-67-210 (2005) (stating that the relevant statutory period for adverse possession is ten years). We hold there is a genuine issue of material fact as to whether the Steeds' possession of the Property was exclusive because Robert Heyward, the Heywards' predecessor in title, stayed on the Property during the time of his ownership. *See Butler v. Lindsey*, 293 S.C. 466, 472, 361 S.E.2d 621, 624 (Ct. App. 1987) ("The exclusive possession necessary to acquire title by adverse possession is not satisfied if occupancy is shared with the owner or with agents of the owner."). In addition, we hold there is a genuine issue of material fact as to whether the Steeds' possession of the Property was hostile. *See Taylor v. Heirs of William Taylor*, 419 S.C. 639, 652, 799 S.E.2d 919, 925 (Ct. App. 2017) ("[F]or the possession to be hostile when an entire tract of land is at issue, the adverse claimant need not show a conscious intent to dispossess the true owner."); *id.* ("The claimant may establish hostile possession by showing he occupied the property without the title owner's consent even if he occupied the property under the mistaken belief that it belonged to him."); *Davis v. Monteith*, 289 S.C. 176, 180, 345 S.E.2d 724, 726 (1986) ("To invoke adverse possession, the possession must be adverse and not permissive."); *Young v. Nix*, 286 S.C. 134, 136, 332 S.E.2d 773, 774 (Ct. App. 1985) ("Where one enters land under permission from the title holder, the possession can never ripen into an adverse title unless a clear and positive disclaimer of the title under which entry was made is brought home to the other party."). It is undisputed the Steeds' occupancy of the Property was not

adverse when they began living on the Property in 1966 at the invitation of Louise Heyward, who owned the Property at that time. Antoine Heyward testified his family continued to allow the Steeds' permissive use of the Property after she deeded it to Robert Heyward in 1999. *See Davis*, 289 S.C. at 180, 345 S.E.2d at 726 (finding plaintiff's possession of property was not hostile when he used the property with the knowledge and tacit permission of the owner). In contrast, the Steeds stated they occupied the Property because they believed they owned it based on a plat their mother gave them showing she was the owner of the Property. We hold a question of fact exists as to whether the Steeds' possession of the Property was exclusive and whether their initial permissive occupancy ripened into adverse title. Therefore, further inquiry into the facts is necessary to determine if the Steeds have established all of the requirements of adverse possession by clear and convincing evidence. *See Englert, Inc. v. LeafGuard USA, Inc.*, 377 S.C. 129, 134, 659 S.E.2d 496, 498 (2008) ("[S]ince it is a drastic remedy, summary judgment should be cautiously invoked so that a litigant will not be improperly deprived of a trial on disputed factual issues."); *id.* ("Summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law.").

2. We hold the circuit court erred in granting summary judgment to the Steeds on the Heywards' counterclaim to quiet title. We hold a genuine issue of material fact exists as to whether the Heywards were aware of the Steeds' ownership claim to the Property and further inquiry into the facts is necessary to determine if the Heywards' claim to quiet title is barred by the doctrine of laches. *See Jones v. Leagan*, 384 S.C. 1, 19-20, 681 S.E.2d 6, 16 (Ct. App. 2009) ("The equitable doctrine of laches is defined as 'neglect for an unreasonable and unexplained length of time, under circumstances affording opportunity for diligence, to do what in law should have been done.'" (quoting *Hallums v. Hallums*, 296 S.C. 195, 198, 371 S.E.2d 525, 527 (1998))); *Provident Life & Accident Ins. Co. v. Driver*, 317 S.C. 471, 479, 451 S.E.2d 924, 929 (Ct. App. 1994) ("[L]aches arises upon the failure to assert a known right under circumstances indicating that the lached party has abandoned or surrendered the right."); *Jones*, 384 S.C. at 20, 681 S.E.2d at 16 ("The party seeking to establish laches must show (1) delay, (2) that was unreasonable under the circumstances, and (3) prejudice."); *Englert*, 377 S.C. at 134, 659 S.E.2d at 498 ("[S]ince it is a drastic remedy, summary judgment should be cautiously invoked so that a litigant will not be improperly deprived of a trial on disputed factual issues."); *id.* ("Summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law.").

3.  In light of the Steeds' consent to the Heywards' request to remand the motion for sanctions to the circuit court, we reverse the order of sanctions and remand.

**REVERSED AND REMANDED.**[1]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.