8617

D. W. ALDERMAN & SONS CO. v. McKNIGHT.

APPEAL—TITLE.—Where the issues referred involve title to land, findings by referee affirmed on Circuit are not reviewable in this Court.

Before COPES, J., Clarendon, December, 1911. Affirmed.

Action by D. W. Alderman & Sons Co. against Sara A. McKnight. Plaintiff appeals.

*Mr. Charlton DuRant,* for appellant, cites: *Adverse possession must be proved against presumed possession of one holding legal title:* 71 S. C. 330; 48 S. C. 28; 37 S. C. 576; 3 S. C. 34; 82 S. C. 221.

*Messrs. Davis & Weinberg,* contra, cite: *Possession for twenty years presumes a grant:* 48 S. C. 490; Hill Ch. 376; 2 Rich. 19; 72 S. C. 312; 86 S. C. 294. *Not necessary to notify of possession:* 86 S. C. 461.

July 15, 1913. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. The facts in this case are thus stated in the decree of his Honor, the Circuit Judge:

"The defendant in this action entered into a contract with plaintiff, assignor, to sell to it all of her swamp land to which she had a good title, at twelve and 50-100 dollars per acre, the number of acres to be ascertained by two surveyors and was paid two hundred and fifty dollars in cash. Upon the survey being made, the plaintiff contended the defendant had a good and marketable title, to only about two hundred and thirty-six acres of swamp land, whereas the plat made up by the surveyors, showed an area of three hundred and ninety-eight and two-tenths acres, practically within the lines claimed by the defendants.

"The plaintiff then brought this action, alleging its willingness to comply with its contract, and asking that the defendant be required to convey, as required by its contract.

"The defendant answered alleging, that she was the owner of three hundred and ninety-eight and two-tenths acres of swamp land, which she was ready and willing to convey by her warranty deed to plaintiff, but that she was unwilling to convey a part, and not all of the swamp land to which she had a good title.

"The real issue then submitted to the referee was, whether the defendant had a good and marketable title to all the land claimed by her, as shown upon the plat of the two surveyors, and the referee held several references and made a full and exhaustive report, in which he found that the defendant was the owner of practically all the land claimed by her,

and shown upon the plat of the surveyors, and recommended that upon the surveyors acertaining the number of acres within a small triangle, and deducting that from the three hundred and ninety-eight and two-tenths acres, that the parties perform the contract, with respect to the balance.

The matter came on before me upon exceptions by the plaintiff to this report, and after hearing argument thereon, I took the matter under advisement, and upon a careful reading of the testimony and consideration of the whole case, I find that the referee is right in all of his findings and conclusions; that the defendant is the owner of, and in possession of, and has a good and marketable title to all the Black River Swamp land adjacent to her home place, lying north of the uplands, and extending in, as far as the practical center of the swamp * * *."

The plaintiff appealed upon exceptions, several of which are based upon alleged errors in findings of fact, which are not subject to review by this Court, as the real issue submitted to the referee, involved the title to the land in controversy.

All the other exceptions are overruled, for the reasons stated by the special referee, whose report was confirmed in all respects by his Honor, the Circuit Judge.

Judgment affirmed.

MESSRS. JUSTICES HYDRICK *and* FRASER *concur in the result.*