12915

WALKER v. OSWALD ET AL.

(153 S. E., 286)

*Mr. Thos. M. Boulware,* for appellant, 

*Messrs. Searson & Searson* and *James M. Patterson,* for respondent, 

May 8, 1930.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an action for injunction to prevent the defendants from cutting and removing timber upon and from the land described in the complaint. The plaintiff claims title to the timber and the defendant Oswald to the land and the timber.

The issue of title to the land alleged to have been trespassed upon was submitted to a jury by his Honor, Judge Bonham, and at the same time the issue of title to the timber was submitted. The jury returned a verdict for the defendants which his Honor approved and signed an order refusing the injunction prayed for and dismissing the complaint.

The defendant E. H. Oswald claimed the land under a claim of title extending back to the title of John E. Bailey, the owner of the large tract of 3,565 acres known as "Cedar Grove." The plaintiff denied the validity of Oswald's title as not covering the land in dispute and that was an issue submitted by his Honor, Judge Bonham, to the jury. Oswald also claimed title by adverse possession; this issue was also submitted to the jury.

It is impossible to say whether the jury sustained Oswald's contention as to his paper title to the land or repudi-

ated it and found in his favor upon the issue of adverse possession. If they found against him upon the issue of title under a written instrument, necessarily Oswald was relegated to his claim of adverse possession.

The plaintiff contends that his Honor, the presiding Judge, committed error in his charge in reference to the defence of adverse possession: "In order that one may sustain his plea of adverse possession he must show that he has been in possession of the property, not necessarily in the actual physical possession of every foot of it; but, has exercised rights of ownership over it, *or* cultivated it, *or* pastured it, *or* using (used?) it for fishing purposes, *or* cut timber, and those things which amount to the world his announcement of his claim to the property."

The correctness of the charge must be considered with reference to the possibility of the jury's having denied the position of Oswald that his claim of title was based upon a written instrument, which conclusion might have been arrived at by them under the evidence pro and con.

Under the Code Civ. Proc., §§ 322, 323, and 324, there is a marked difference in the establishment of adverse possession, where the party setting it up is claiming under a written instrument, and where he is not.

In the former he shall be deemed to have been possessed of and occupied the premises: Where they have been usually cultivated or improved; where they have been protected by a substantial enclosure; or where, though not enclosed, they have been used for the supply of fuel, or of fencing timber, or for the purposes of husbandry, or for the ordinary use of the occupant. In the latter he shall be deemed to have been possessed in the following cases only: Where the premises have been protected by a substantial enclosure; or where they have been usually cultivated and improved.

In *Witcover v. Grant,* 93 S. C., 190, 76 S. E., 274, 275, the Court said: "But sections 104 and 105 [now 323 and 324] provide that, where the claim is not founded upon a

written instrument or decree or judgment, only that part of the premises actually occupied (and that is defined to mean such as has been protected by substantial inclosure, or usually cultivated or improved) shall be deemed to have been held adversely."

His Honor, the Circuit Judge, was in error either in assuming, by his application of the rule where the claim is based upon a written instrument, that the defendants' claim was so based, or in applying the rule in such cases to a case where the claim was not so based.

The case of *Alderman & Sons v. McKnight,* 95 S. C., 245, more fully reported in 78 S. E., 982, is not applicable for the reason that in that case the defendant's claim was based upon written instrument.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.

Mr. Chief Justice Watts and Messrs. Justices Blease, Stabler and Carter concur.