16943

MARGUERITE H. GREGG et al., Appellants, v. A. H. MOORE, Respondent

(85 S. E. (2d) 279)

*Messrs. Scott & Tyson,* of Florence, *for Appellants,* ▮

*Messrs. George A. Gill, Jr.,* and *L. S. Dickert,* of Rock Hill, *for Respondent,* ▮

*Messrs. Scott & Tyson,* of Florence, *for Appellants,* ■

December 28, 1954.

BAKER, Chief Justice.

Primarily, this case involves the validity of a tax title and alleged adverse possession by the purchaser, the respondent, at tax sale. The property in question is located in York County and was purchased prior to 1920 by Miss Marie Gregg of Florence County for the use of her aunt, Miss Allie Cureton, during her lifetime. Miss Gregg died shortly thereafter, leaving a will in which the property was devised to her mother and father for life and with the remainder to her two brothers. Under the terms of her will, she bequeathed a $250.00 annuity to Miss Cureton and specifically charged all her real estate to the payment of said annuity. The mother of Miss Gregg died in 1921, and in the following year a partition proceeding was instituted between the remaining life tenant, the father (S. M. Gregg) of Marie Gregg, and her two brothers, Ernest S. Gregg and Hazel A. Gregg, which resulted in the property being conveyed to S. M. Gregg in fee simple. The annuity was never released from this property. S. M. Gregg subsequently remarried and in 1927 conveyed the property to his then wife, Marguerite H. Gregg, stating therein that the conveyance was subject to a life estate of Miss Allie Cureton. Margurite H. Gregg conveyed the property to the appellants in 1951, after the death of S. M. Gregg.

In 1932, the property was sold for taxes in the name of the Estate of Marie Gregg and purchased by the respondent. Since the property was not sold in the name of the true owner, the tax sale was invalid. For this postulate, citation of authority is unnecessary.

The Circuit Judge did not pass upon the validity of the tax sale. Such issue was not before him, no exception having been taken from the holding of the Referee that it was invalid. However, he found that the respondent had established title by adverse possession. A review of the facts subsequent to 1933 leaves no doubt but that the decision of the lower Court should be reversed on the ground that the evidence was insufficient to establish adverse possession.

Miss Allie Cureton was allowed to remain in possession of the property after the tax sale. She lived on the premises just as she did prior to the tax sale. She moved from the premises to live in the home of the respondent, whose wife was her niece, for a period of three years and during that time she received the rent from the premises, paying one-half to the respondent for board and retaining the other one-half for herself. The respondent testified the property was returned in his name for taxes after 1933 and that he paid the taxes thereon. It is significant that under an arrangement with the owner of the property, the respondent paid the taxes on the property even prior to the invalid tax sale. There is nothing in the record which would indicate or give any notice to the true owner of the property that the respondent claimed title thereto until after the death of Miss Allie Cureton in 1949. If the respondent had intended to contend that he had title to the property after the tax sale, his exercise of ownership should have been such as to indicate to all the exclusiveness of his claim thereto. There is no proof that notice of claim of ownership by the respondent was ever given by the respondent to the appellants or their predecessor in title, Marguerite Gregg. The appellants apparently had the mistaken idea that Miss Allie Cureton had a life estate in the property and if the respondent

thought otherwise, his acts, based on his present contention, would lead one to believe that he did not want to disturb the alleged life tenant in her belief that she had a life estate in the property, or that a conspiracy arose between Miss Allie Cureton and the respondent to defraud the true owner of the property. Miss Cureton was in possession of the property before the sale and remained there and had constructive possession of the property after the sale until her death in 1949. There is no evidence whatsoever that there was a change in the possession and ownership of the property after the tax sale, other than respondent returning it for taxes in his name.

In order to constitute adverse possession, which results in obtaining title to property, the possession must be actual, open, notorious, hostile, continuous and exclusive for the whole statutory period. It may be stated as a general rule that claimant's possession must be such as to indicate his exclusive ownership of the property. Not only must his possession be without subserviency to, or recognition of, the title of the true owner, but it must be hostile thereto and to the whole world. 1 Am. Jur., Adverse Possession, Section 130.

There is no contention that the respondent was ever in actual possession of the premises in question. Assuming that he was constructively in possession through Miss Allie Cureton as his tenant, was such possession adverse? Permitting Miss Cureton to remain on the premises and to exercise control such as the time when she moved away for about three years and collected the rent therefrom was inconsistent with a hostile taking of possession. Under the facts of this case, we do not think that a hostile holding can be presumed from the mere fact that the respondent paid the taxes after he had obtained the tax deed.

The burden was on the respondent to show that the entry was a hostile one, and this he has not done. If his entry was not hostile, adverse possession could not be said to have begun until notice thereof was brought

home to the true owner, which was in 1949 after the death of Miss Cureton. *Knight v. Hilton,* 224 S. C. 452, 79 S. E. (2d) 871.

The burden of proof of adverse possession is on the party relying thereon and in this case the respondent has failed in the proof required. The evidence is susceptible of only one conclusion, that is, that the respondent did not exrecise such control or possession of the property as to warrant the holding of the lower Court that he had exercised adverse possession since 1933.

Under the decision reached, it is unnecessary to determine the other exceptions. The appellants are entitled to the return of the property and for an accounting of rents since 1949.

Judgment reversed and this case is remanded for further proceedings in accordance with the views expressed herein.

STUKES, TAYLOR, OXNER and LEGGE, JJ., concur.