0233

W. E. KING, Jr., Respondent, v. Maxine Oliver HAWKINS, d/b/a Oliver's Lodge, Appellant.

(319 S. E. (2d) 361)

Court of Appeals

*C. Claymon Grimes, Jr.,* Georgetown, *for appellant.*

*Fred B. Newby,* Myrtle Beach, *for respondent.*

Heard March 27, 1984.

Decided Aug. 17, 1984.

GARDNER, Justice:

This action involves title to a lot of approximately one-half acre situate on the south side of U. S. 17 in or near Murrells Inlet, South Carolina. Directly to the rear of the subject land is a tract on which Oliver's Lodge, a well-known restaurant, is operated. Respondent King's complaint sought to have certain encroachments by appellant Maxine Oliver Hawkins enjoined and removed. Hawkins' answer and counterclaim set

up adverse possession under the 20 and 40 year statutes. The case by consent was tried before the trial judge without a jury; he found that King was the fee simple owner of the land but held that King was barred by laches from most of the injunctive relief he sought and further that Hawkins had acquired an easement for certain septic tank drain lines intruding a short distance into the subject tract. We affirm.

The issues on appeal are whether the trial judge erred by not holding that (1) Hawkins had acquired title by adverse possession and (2) King was barred from the relief he sought by laches.

1.

Hawkins' counterclaim asserting title by adverse possession is a legal question; we cannot disturb the trial judge's findings of fact about this unless they are without evidentiary support.

The trial judge specifically found as a matter of fact that King was the record title holder; we quote pertinent parts of the appealed order:

> ... The defendant contends that the deed which indicates that the property line is the creek, does not mean the "Creek" but in fact means the high water mark. Their argument is that if the deed means the high water mark and not the "Creek" as stated in the deed, then the acre of land [which she owned] would encompass the disputed property. However, the defendant's own expert witness, a surveyor, indicated that the property lines on subsequent maps clearly ran all the way to the creek itself rather than to the high water mark, and that by reading the one acre from the creek as stated in the deed, it would match with a 1941 Plat indicating the disputed property was owned by the Kings and a 1909 Plat indicating that the disputed property was owned by A. H. Woodward as predecessor in title to the Kings.

> \* \* \* \*

> It is clear from the evidence, that actual legal title to the disputed tract passed from James E. Grant to Mr. Woodward and thence to the Kings, coming to rest in the plaintiff.

We hold that Hawkins' claim of occupying the lot under "color of title" is without evidentiary support. When one claims title by adverse possession and his occupancy is not under claim of title, he must show either fencing or other improvements covering most of the subject land or some other continuous use and exercise of dominion. *Walker v. Oswald, et al.,* 156 S. C. 424, 153 S. E. 286 (1930); 2 C.J.S. *Adverse Possession* § 227.

As to adverse possession, the trial judge found that (1) Hawkins had a sign advertising the restaurant on the extreme northeastern corner of the lot, (2) one of Hawkins' buildings encroached slightly on the lot and near it was a concrete dumpster pad, and (3) that there was transient, temporary and minimal use of the land as a flower garden, a vegetable garden, a clothesline, and potato bed (none of which existed at the time of trial).

To be adverse so as to vest title after the lapse of the statutory period, it is required that possession be actual, open, notorious, exclusive, hostile, continuous, adverse and uninterrupted. All of the elements must exist and concur. *Mullis v. Winchester,* 237 S. C. 487, 118 S. E. (2d) 61 (1961); 2 C.J.S. *Adverse Possession* § 25. The trial court found as a matter of fact that Hawkins had not so occupied the land. The encroachment is on only a few feet of the lot; the placement of the sign upon the property is not evidence of adverse possession; it is merely an advertisement and direction sign to the restaurant; all other acts lack the essential element of continuity. We affirm the finding of fact that Hawkins had not occupied the lot with the necessary elements of adverse possession.

The doctrine of adverse possession must be strictly construed in favor of the owner of the title to land. 2 C.J.S. *Adverse Possession* § 5. Under this rule we find no error in the trial judge's ruling that Hawkins had not acquired title by adverse possession.

2.

Hawkins next contends that King's suit was barred by the doctrine of laches. According to the record, laches was neither pled nor was it argued before the trial judge; however, the doctrine was applied by the trial judge in his denial of the relief sought by King as to the concrete slab, the small build-

ing encroachment and the septic tank drain lines.

Hawkins' position is untenable for three reasons. First, King had only held title for four years, a patently insufficient period of time upon which to base a defense of laches. Second, prejudice to Hawkins, an essential element of the defense of laches,[1] is not supported by the record; in fact, Hawkins offered no testimony or evidence tending to prove prejudice which she might suffer because of the granting of the relief prayed for. Third, having failed to plead laches or argue it before the trial judge, it cannot be raised for the first time on appeal. *Maccaro v. Andrick Development Corp.*, 280 S. C. 96, 311 S. E. (2d) 91 (1984).

For the reasons stated, the judgment below is

Affirmed.

CURETON and GOOLSBY, JJ., concur.

---

[1] *Bailey v. Lyman Printing and Finishing Co.*, 245 S. C. 13, 138 S. E. (2d) 410 (1964).