THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Mavis L.
 McKnight, Respondent,
 v.
 Irby Ned Myron Lowder, Appellant.
 
 
 

Appeal From Florence County
 Haigh Porter, Special Referee by
 Designation 
of the Presiding Circuit Court Judge
Unpublished Opinion No.  2010-UP-416
Submitted September 1, 2010  Filed
 September 20, 2010  
REVERSED AND REMANDED

 
 
 
 Stephen J. Wukela, of Florence, for Appellant.
 E. LeRoy Nettles, Sr. and Marian D. Nettles, both of Lake City,
 for Respondent.
 
 
 

PER
 CURIAM:  Irby Ned Myron Lowder appeals the Special Referee's Order
 recognizing a twenty-five foot wide easement across his property, arguing no
 evidence existed in the record to support the Special Referee's factual finding. 
 We reverse and remand for further factual
 findings because the Special Referee's finding was not supported by a
 preponderance of the evidence.[1]
Lowder
 and McKnight are brother and sister and adjacent landowners.  The
 easement at issue is a dirt road crossing Lowder's property that McKnight has
 used for ingress and egress to her lot since 1974.  In February of 2007,
 McKnight brought an action to recognize the existence of her easement for
 ingress/egress and to enjoin Lowder from obstructing the easement.  The
 matter was heard by a Special Referee.  Prior to the hearing, Lowder and
 McKnight both conceded the existence of the easement, but disputed the width of
 the easement.
During
 the hearing, Lowder used visual scales on two separate county plats entered
 into evidence to mathematically calculate the actual width of the dirt road at
 9.375 feet.  McKnight's husband testified he and McKnight needed a twenty-five
 foot wide easement to permit fire trucks and ambulances to access their mobile
 home in the event of an emergency.  McKnight's husband testified Lowder obstructed
 their use of the dirt road by moving a trailer onto his land bordering the dirt
 road and piling cut tree logs along the edge of the dirt road, thereby
 narrowing the width of the dirt road to eleven feet.  The Special Referee
 issued an order recognizing a twenty-five foot wide easement.  This appeal
 followed.     
"The
 determination of the existence of an easement is a question of fact in a law
 action . . . ." Frazier v. Smallseed, 384 S.C. 56, 64, 682 S.E.2d
 8, 12 (Ct. App. 2009) (citation omitted).  "However, the
 determination of the extent of a grant of an easement is an action in equity."  Id.  "In an action in equity, the appellate court may resolve
 questions of fact in accordance with its own view of the preponderance of the
 evidence."  Fesmire v. Digh, 385 S.C. 296, 303, 683 S.E.2d 803, 807
 (Ct. App. 2009).  
"An
 easement is a right of use over another's property."  Inlet Harbour v.
 S.C. Dep't of Parks, Recreation, and Tourism, 377 S.C. 86, 91, 659 S.E.2d
 151, 154 (2008).  "Easements can arise by both express creation and by implication."  Id.  "Implied easements are based upon the theory that whenever one
 conveys property, he intends to convey whatever is necessary for the property's
 use and enjoyment."  Id.  "[T]he intentions of the parties to
 the transaction are the overriding focus when examining implied
 easements."  Id. at 92, 659 S.E.2d at 154.  
"The
 right of the easement owner and the right of the landowner are not absolute,
 irrelative and uncontrolled, but are so limited, each by the other, that there
 may be a due and reasonable enjoyment of both."  Hill v. Carolina Power
 & Light Co., 204 S.C. 83, 96, 28 S.E.2d 545, 549 (1943).  "In
 other words, a grant or reservation of an easement in general terms is limited
 to a use which is reasonably necessary and convenient and as little burdensome
 to the servient estate as possible for the use contemplated."  Id.
The Special Referee's finding regarding the existence of an
 easement has not been appealed and is therefore the law of the case.  See Dreher v. Dreher, 370 S.C. 75, 78 n.1, 634 S.E.2d 646, 647 n.1 (2006). 
 Therefore, the only factual finding on appeal is the scope or extent of the
 easement.  Because the extent
 or scope of an easement is an equity action, this court is free to resolve questions of fact in accordance with its own view of
 the preponderance of the evidence.  Fesmire, 385 S.C. at 303, 683 S.E.2d
 at 807.
Upon thorough review of the Special Referee's factual findings, we
 conclude the grant of a twenty-five foot wide easement was not supported by the
 preponderance of the evidence.  Specifically, the Special Referee erred in not taking into account the interests of
 the servient estate when determining what easement width was both reasonably
 necessary and convenient.  Although McKnight's
 husband testified he wanted a twenty-five-foot wide easement, he also admitted
 a seventeen-foot easement was sufficient for an ambulance or truck to reach the
 couple's mobile home.  In addition, the creation of a twenty-five-foot wide
 easement would require the McKnights to cut down trees which have been present
 on the servient estate since 1985.  
Accordingly,
 we reverse and remand for the Special Referee to consider the interests of both
 the dominant and servient estate owners in determining what easement width is
 both reasonably necessary and convenient.  See Hill, 204 S.C. at
 96, 28 S.E.2d at 549.
REVERSED
 AND REMANDED.
SHORT, THOMAS, and LOCKEMY, JJ., concur.

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.