**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Rachel M. Polite, Respondent,

v.

Karen P. Polite, Appellant.

Appellate Case No. 2022-000967

———————

Appeal From Beaufort County
Marvin H. Dukes, III, Master-in-Equity

———————

Unpublished Opinion No. 2024-UP-062
Submitted February 14, 2024 – Filed February 21, 2024

———————

**AFFIRMED**

———————

Karen P. Polite, of St. Helena Island, pro se.

Alysoun M. Eversole, of Eversole Law Firm, P.C., of
Beaufort, for Respondent.

———————

**PER CURIAM:** Karen P. Polite (Karen) appeals the master-in-equity's order, which held (1) Karen failed to prove her counterclaim for adverse possession on the elements of exclusivity and hostility and that she possessed the subject property adversely for the statutory period and (2) Rachel M. Polite (Rachel) was entitled to judgment in her favor and a writ of ejectment. We affirm pursuant to Rule 220(b), SCACR.

We hold the master did not err by finding Karen failed to prove she was in exclusive and hostile occupation of the subject property. The evidence supports the master's finding that Karen's occupancy was not exclusive because Rachel, who held the deed to the subject property, and Karen occupied the property together. The evidence also supports the master's finding that Karen's occupancy on the subject property was permissive until October 2019, when Rachel asked Karen to vacate the subject property; thus, Karen's occupancy was not hostile. Finally, the evidence supports that Karen did not establish the elements of adverse possession for the statutorily required ten-year period. *See Jones v. Leagan*, 384 S.C. 1, 10, 681 S.E.2d 6, 11 (Ct. App. 2009) ("[A]n adverse possession claim is an action at law."); *Frazier v. Smallseed*, 384 S.C. 56, 61, 682 S.E.2d 8, 11 (Ct. App. 2009) ("In an action at law tried by a judge without a jury, the appellate court will correct any error of law, but it must affirm the trial court's factual findings unless no evidence reasonably supports those findings."); *Jones*, 384 S.C. at 10, 681 S.E.2d at 11 ("When it is asserted by the defendant, adverse possession is an affirmative defense. The party asserting adverse possession must show continuous, hostile, open, actual, notorious, and exclusive possession for a certain period of time." (citation omitted)); *id.* ("In South Carolina, adverse possession may be established if the elements of the claim are shown to exist for at least ten years." (citing S.C. Code Ann. § 15-67-210 (2005)); *id.* at 10-11, 681 S.E.2d at 11 ("To meet this burden of proof, the party asserting the claim must show by 'clear and convincing' evidence he has met the requirements for adverse possession."); *Butler v. Lindsey*, 293 S.C. 466, 472, 361 S.E.2d 621, 624 (Ct. App. 1987) ("The exclusive possession necessary to acquire title by adverse possession is not satisfied if occupancy is shared with the owner or with agents of the owner."); *Taylor v. Heirs of William Taylor*, 419 S.C. 639, 652, 799 S.E.2d 919, 925 (Ct. App. 2017) ("The claimant may establish hostile possession by showing he occupied the property without the title owner's consent even if he occupied the property under the mistaken belief that it belonged to him."). Based on the foregoing, the master did not err by finding Rachel was entitled to judgment in her favor and a writ of ejectment.

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.