**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Melanie P. Hozey, Appellant,

v.

Alan L. Rutherfurd and Susan M. Rutherfurd, Respondents.

Appellate Case No. 2024-000545

———————

Appeal From Aiken County
M. Anderson Griffith, Master-in-Equity

———————

Unpublished Opinion No. 2026-UP-121
Submitted February 3, 2026 – Filed March 18, 2026

———————

**AFFIRMED**

———————

Clarke Wardlaw McCants, III, and Clarke Wardlaw McCants, IV, both of Nance & McCants, of Aiken, for Appellant.

Dione Cherie Carroll, of Carroll Law Offices, PA, of Aiken, for Respondents.

———————

**PER CURIAM:** Melanie P. Hozey appeals the master-in-equity's order denying her claim of adverse possession to a portion of land that Alan Rutherfurd and Susan Rutherfurd (collectively, the Rutherfurds) used as a privacy buffer between

the parties' properties.  On appeal, Hozey argues the master erred in determining that (1) her possession and use of the disputed land was not notorious, hostile, and exclusive and (2) she trespassed upon the Rutherfurds' property.  We affirm pursuant to Rule 220(b), SCACR.

1.  We hold the master did not err in concluding that Hozey failed to establish averse possession of the disputed land because her possession was not hostile for the required ten-year period.[1]  *See Jones v. Leagan*, 384 S.C. 1, 10, 681 S.E.2d 6, 11 (Ct. App. 2009) ("[A]n adverse possession claim is an action at law."); *Frazier v. Smallseed*, 384 S.C. 56, 61, 682 S.E.2d 8, 11 (Ct. App. 2009) ("In an action at law tried by a judge without a jury, the appellate court will correct any error of law, but it must affirm the [circuit] court's factual findings unless no evidence reasonably supports those findings."); *Jones*, 384 S.C. 10, 681 S.E.2d at 11 ("The party asserting adverse possession must show continuous, hostile, open, actual, notorious, and exclusive possession for a certain period of time."); *id.* at 10-11, 681 S.E.2d at 11 ("To meet this burden of proof, the party asserting the claim must show by 'clear and convincing' evidence he has met the requirements for adverse possession."); *id.* at 10, 681 S.E.2d at 11 ("In South Carolina, adverse possession may be established if the elements of the claim are shown to exist for at least ten years."); *Davis*, 289 S.C. at 180, 345 S.E.2d at 726 ("To invoke adverse possession, the possession must be adverse and not permissive."); *McDaniel v. Kendrick*, 386 S.C. 437, 444, 688 S.E.2d 852, 856 (Ct. App. 2009) (explaining that "a party cannot adversely possess property used with permission" and may begin to satisfy the requirement of hostility "upon a clear disclaimer of the owner's title"); *Clark v. Hargrave*, 323 S.C. 84, 90, 473 S.E.2d 474, 478 (Ct. App. 1996) (affirming the master's conclusion that the claimant's possession was open, notorious, hostile, and exclusive because he exercised exclusive dominion over the property by blocking access with cables and locks, posting "No Trespassing" signs, and granting or denying entry to others solely at his discretion, all undermining the record owner's interests); *Brevard v. Fortune*, 221 S.C. 117, 130-31, 69 S.E.2d 355, 361 (1952) (acknowledging the payment of taxes does not confer title, but recognizing our case law states that the failure to do so may weaken a claim of ownership).

---

[1] We do not address the master's findings concerning the remaining elements of adverse possession because our analysis on the hostility element conclusively resolves this issue.  *See Davis v. Monteith*, 289 S.C. 176, 180, 345 S.E.2d 724, 726 (1986) ("[A party's] claim of adverse possession fails because an essential element of adverse possession is lacking.").

2. We hold the master did not err in determining Hozey trespassed on the Rutherfurds' land because Hozey intentionally entered and remained on the Rutherfurds' land after the Rutherfurds revoked their tacit permission for her to utilize the area by issuing multiple notices of the revocation, including sending certified letters and posting "No Trespassing" signs. *See Cedar Cove Homeowners Ass'n v. DiPietro*, 368 S.C. 254, 258, 628 S.E.2d 284, 286 (Ct. App. 2006) ("[A] trespass action is one at law . . . ."); *Frazier*, 384 S.C. at 61, 682 S.E.2d at 11 ("In an action at law tried by a judge without a jury, the appellate court will correct any error of law, but it must affirm the [circuit] court's factual findings unless no evidence reasonably supports those findings."); *Snow v. City of Columbia*, 305 S.C. 544, 552, 409 S.E.2d 797, 802 (Ct. App. 1991) ("The unwarrantable entry on land in the peaceable possession of another is a trespass, without regard to the degree of force used, the means by which the enclosure is broken, or the extent of the damage inflicted."); *id.* at 553, 409 S.E.2d at 802 ("To constitute an actionable trespass, however, there must be an affirmative act, the invasion of the land must be intentional, and the harm caused must be the direct result of that invasion."); *id.* ("Trespass is an intentional tort; and while the trespasser, to be liable, need not intend or expect the damaging consequence of his entry, he must intend the act which constitutes the unwarranted entry on another's land.").

**AFFIRMED.**[2]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.