22587

L. H. DAVIS, Respondent-Appellant v. H. D. MONTEITH and The Honorables Barbara Scott, Chairperson, Rev. William McKinley Bowman; Linda Smolen; Alma W. Byrd; Robert R. Heyward, III; Isaac McGraw; and Samuel McGregor, as School District One; and the Commissioners of School District One; and all persons who may have some right, title, interest, or estate or lien upon the real estate described in the Complaint whether as a class John Doe, or others, as minors or *non sui juris*, under a disability of any sort, the patrons, parents, teachers, pupils, or friends entitled to use of such property for education, religious, or other purposes as a class Richard Roe, and entitled to claim under the Soldiers and Sailors Civil Relief Act of 1940, and any amendments thereto, and South Carolina Employment Security Commission, Defendants, of Whom H. D. Monteith is Appellant-Respondent, and School District One is Respondent.

(345 S. E. (2d) 724)

Supreme Court

*J. Reese Daniel,* Columbia, *for appellant-respondent.*

*Jack F. McGuinn,* Columbia, *for respondent-appellant.*

*Francenia B. Heizer,* Columbia, *for respondent.*

Heard Feb. 25, 1986.

Decided June 30, 1986.

FINNEY, Justice:

This is an appeal by both the Appellant-Respondent (Monteith) and the Respondent-Appellant (Davis) from a final order of the Master in Equity, setting aside a deed of property to Monteith, and granting Davis an equitable interest and right to purchase the property at fair market value. We affirm in part and reverse in part, concluding that Monteith is the legal title owner of the property.

On December 12, 1949, Davis entered into a contract of sale with the Respondent (School District One) to purchase three (3) acres of land (known as the old Monteith School property) for three thousand ($3,000.00) dollars. Davis paid one hundred ($100.00) dollars earnest money on the contract date and the balance of two thousand nine hundred ($2,900.00) dollars was due within thirty (30) days.

The parties agree that they are bound by and subject to the orders issued on August 1, 1950, and February 14, 1951, by the Honorable Harry M. Lightsey, Master in Equity, involving the same tract of land and parties to this action. The orders provide that any conveyance of the property in question would be subject to the limitation that the property be used only for *school, religious* and *educational* purposes, or the property would revert back to the School District.

It is undisputed that Davis has used the property for an automobile parts business since 1950, in clear violation of the restrictions placed on the property. Between 1950 and May of 1976, Davis did not tender the two thousand nine hundred ($2,900.00) dollar balance owing on the contract and the School District never issued Davis a deed to the property.

On December 15, 1975, the attorney for School District One wrote a letter to the School District advising that the one hundred ($100.00) dollars earnest money should be returned to Davis, unless he agreed to the restrictive covenant on the property or the Monteith family released the covenant. By letter dated April 19, 1976, Davis was advised by the School District that it could not sell the property to him for the purpose for which he intended to use the property, and he was to vacate the premises by July 31, 1976.

On May 13, 1976, Davis mailed a check to the real estate agent for the School District in the amount of two thousand nine hundred ($2,900.00) dollars, representing the balance owed on the contract. Davis' attorney also wrote the attorney for the School District on the same date indicating Davis was willing to accept a quit claim deed to the property, subject to the conditions, restrictions and limitations on record at the Register of Mesne Conveyance (RMC) office for Richland County.

By quit claim deed dated March 25, 1981, and filed in the RMC office for Richland County on April 2, 1981, the School District sold the property to Monteith for consideration in the amount of seven thousand ($7,000.00) dollars. Monteith's attorney wrote Davis on May 26, 1981, informing him of the sale and giving Davis the option of leasing the property or vacating it by July 1, 1981. The School District returned to Davis on or about July 23, 1981, the one hundred ($100.00) dollars earnest money and the cashier's check for two thousand nine hundred ($2,900) dollars he had paid on the property.

Davis alleges the trial judge erred in finding he did not have legal title to the property by operation of the doctrine of adverse possession. We disagree. The court correctly held that adverse possession does not run against the state or its duly constituted political subdivi-

sions. *Harlock v. Jackson,* 5 S.C.L. (3 Brev.) 254 (1812); 3 Am. Jur. (2d) *Adverse Possession,* Section 206; 55 A. L. R. (2d) 578.

In addition, Davis' claim of adverse possession fails because an essential element of adverse possession is lacking. To constitute adverse possession, the possession must be continuous, hostile, open, actual, notorious and exclusive for the entire ten (10) year statutory period. *Lusk, et al., v. Callaham,* 287 S. C. 459, 339 S. E. (2d) 156 (Ct. App. 1986); *Gregg v. Moore,* 226 S. C. (2d) 366, 85 S. E. (2d) 279 (1954). Davis has the burden of proving adverse possession by clear and convincing evidence. *Lusk, et al.,* 339 S. E. (2d) at 157. There is no evidence in the record that Davis' possession of the property was *hostile* prior to 1976. Davis used the property until 1976 with the knowledge and tacit permission of the School District. To invoke adverse possession, the possession must be adverse and not permissive. *Lusk, et al.,* 339 S. E. (2d) at 158; *Frady v. Ivestor,* 118 S. C. 195, 110 S. E. 135 (1921). The continued possession of the property by Davis after being advised by the School Board to vacate the premises in 1976 could possibly be adverse, but adverse possession cannot be asserted because the ten (10) year statutory period had not yet run.

Davis next contends the court erred in concluding he had no legal rights under the 1949 contract with the School District because he failed to tender the balance owing on the contract within thirty (30) days. The evidence reveals Davis sought legal assistance from several attorneys to effectuate the purchase of the property. However, the record is devoid of any evidence Davis actually tendered the two thousand nine hundred ($2,900.00) dollar balance within thirty (30) days of the contract date, as required by the contract. Davis did not submit the balance until May of 1976, almost twenty-six (26) years after the date of the contract. The court correctly concluded Davis has no legal right to the property under the 1949 contract with School District One.

The trial court found, however, that Davis had an equitable interest in the property and the School District was obligated to offer the property to Davis at fair market value. Both Davis and Monteith appeal from this finding of the

court. Davis alleges he has legal title to the property, and Monteith contends the court erred in granting Davis an equitable interest in the property and in setting aside the Monteith deed. Davis' assertion of legal title to the property has been disposed of above. We agree with Monteith that the court erred in granting Davis an equitable interest in the property and in setting aside the deed to Monteith.

The trial court decided that the School District was estopped to deny Davis an equitable interest in the property, citing *Outlaw v. Moise*, 222 S. C. 24, 71 S. E. (2d) 509 (1952). In *Outlaw*, this Court held the mere possession of a public street or alley cannot confer title; but on the principle of equitable estoppel, a party may be protected against the assertion of right by the public in order to prevent manifest wrong and injustice. *Id.*, 71 S. E. (2d) at 511. In the instant case, we find no manifest wrong or injustice committed against Davis by the School District's actions. We note that Davis has enjoyed the free use of the property for thirty years or more without paying any taxes or rent.

The essential elements of equitable estoppel are set out in *Central Production Credit Association v. Charles W. Page, et al.*, 268 S. C. 1, 231 S. E. (2d) 210 (1977). We do not find sufficient conduct on the part of the School District which amounts to a false representation or concealment of fact, or conduct which was calculated to convey to Davis that the facts were inconsistent with the School District's later demand that Davis vacate the property. Further, we find no evidence that Davis was ignorant of the facts and justifiably relied on the conduct of the School District to his prejudice, all of which are essential in establishing equitable estoppel. It is noteworthy that Davis did not seek equitable relief, but only sought to be declared the legal title owner of the property.

The use of the property by Davis was permissive and it did not give rise to an equitable interest in the property. Davis, from his own testimony, knew he did not have legal title to the property. He testified that he was trying to get the deed to the property. By acknowledging his subserviency to the School District, Davis could not have reasonably believed he had title to the property.

The deed to Monteith should not have been set aside by the trial court. The deed was duly recorded and valid on its face. Where a deed is valid and regular on its face, it is presumed to be valid in all respects. *Avant v. Johnson*, 231 S. C. 119, 97 S. E. (2d) 396 (1957). There is no evidence before this Court to rebut the presumption of validity.

Finally, Davis contends the sale of the property to Monteith was fraudulent, and the trial court erred in finding that this issue was not raised by the pleadings. The trial court correctly decided that before Davis can have the advantage of a defense based on fraud, the issue must be specifically alleged. *Byars v. Cherokee County*, 237 S. C. 548, 118 S. E. (2d) 324 (1961). In liberally construing the pleadings as we are required to do, *Manning v. Dial*, 271 S. C. 79, 245 S. E. (2d) 120 (1978), we find no allegation or inference that the property was fraudulently sold. This Court will not, under the guise of liberal construction of the pleadings, write into the complaint allegations that are not presented.

We conclude the deed to Monteith is valid and Monteith is the legal title owner of the property. Accordingly, we reverse so much of the lower court's order which grants Davis an equitable interest in the property and sets aside the deed to Monteith.

The remaining issues presented by the Respondent-Appellant Davis are without merit.

Affirmed in part and reversed in part.

NESS, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.