**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Weldon E. Wall, Sr., Appellant,

v.

Harold H. Wall, Sr., Respondent.

Appellate Case No. 2019-001448

---

Appeal From Beaufort County
Marvin H. Dukes, III, Master-in-Equity

---

Unpublished Opinion No. 2022-UP-241
Submitted April 1, 2022 – Filed June 8, 2022

---

**AFFIRMED**

---

Darrell T. Johnson, Jr., of the Law Offices of Darrell Thomas Johnson, Jr. LLC, of Hardeeville; and R. Thayer Rivers, Jr., of the R. Thayer Rivers, Jr. Law Ofc., of Ridgeland, both for Appellant.

Russell Pierce Patterson, of Russell P. Patterson PA, of Hilton Head Island; and James B. Richardson, Jr., of Columbia, both for Respondent.

---

**PER CURIAM:** This appeal involves a dispute between brothers Weldon E. Wall, Sr. and Harold H. Wall, Sr. over title to ten acres of real property located in

Jasper County.  On appeal from the master in equity's order, Weldon argues the master erred by (1) finding he failed to prove he was entitled to specific performance of an agreement requiring Harold to convey ownership of the ten-acre tract to him and (2) concluding he failed to present clear and convincing evidence he acquired title to the ten-acre tract by adverse possession.  We affirm.

1.  We find a preponderance of the evidence supports the master-in-equity's finding that enforcement of the alleged agreement between Weldon and Harold was barred by the Statute of Frauds.  *See Fesmire v. Digh*, 385 S.C. 296, 303, 683 S.E.2d 803, 807 (Ct. App. 2009) (stating an action for specific performance of an alleged oral contract for the conveyance of land is an action in equity); *id.* ("In an action in equity, the appellate court may resolve questions of fact in accordance with its own view of the preponderance of the evidence."); S.C. Code Ann. § 32-3-10(4) (2007) (codifying the Statute of Frauds and requiring contracts for the sale of real property be reduced to writing to be enforceable).  Because Weldon failed to present "clear, definite, and certain" evidence that he and Harold had an oral agreement to convey the ten-acre tract to the other, we find Weldon failed to satisfy the first prong of the part performance exception to the Statute of Frauds.  *See Cash v. Maddox*, 265 S.C. 480, 484, 220 S.E.2d 121, 122 (1975) (providing the existence of an oral contract must be proved by "clear, definite, and certain" evidence); *Jones v. Leagan*, 384 S.C. 1, 12, 681 S.E.2d 6, 12 (Ct. App. 2009) (stating the trier of fact "has the task of assessing the credibility, persuasiveness, and weight of the evidence presented"); *Gibson v. Hrysikos*, 293 S.C. 8, 13, 358 S.E.2d 173, 175-76 (Ct. App. 1987) (listing an exception to the writing requirement of the Statute of Frauds allows a court to enforce specific performance of an oral agreement to convey real property when sufficient partial performance has occurred); *Settlemeyer v. McCluney*, 359 S.C. 317, 320, 596 S.E.2d 514, 516 (Ct. App. 2004) (stating the first prong of the part performance exception to the Statute of Frauds is for "a court of equity [to] find . . . clear evidence of an oral agreement").  Accordingly, without a signed writing, any agreement for Harold to convey the ten-acre tract to Weldon is unenforceable.

Additionally, because the signed writing requirement of the Statute of Frauds is dispositive of Weldon's claim, we need not address whether Weldon's claim for specific enforcement of an oral agreement was otherwise barred.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

2.  We hold evidence in the record reasonably tends to support the master's finding that Weldon failed to present clear and convincing evidence he acquired title to the ten-acre tract by adverse possession.  *See Jones*, 384 S.C. at 10, 681 S.E.2d at 11 (stating appellate review of an adverse possession claim "is limited to . . . whether any evidence reasonably tends to support the trier of fact's findings"); *id.* at 10-11, 681 S.E.2d at 11 (stating an adverse possession claim must be proved by clear and convincing evidence); *id.* at 10, 681 S.E.2d at 11 ("The party asserting adverse possession must show continuous, hostile, open, actual, notorious, and exclusive possession for a [period of at least ten years]."); S.C. Code Ann. § 15-67-210 (2005) (providing that to acquire title by adverse possession, a claimant must have possessed the real property at issue for a period of at least ten continuous years); *Davis v. Monteith*, 289 S.C. 176, 180, 345 S.E.2d 724, 726 (1986) ("[A] claim of adverse possession fails [when] an essential element of adverse possession is lacking."); *id.* (finding an adverse possession claim failed because the claimant failed to prove by clear and convincing evidence that he possessed the real property at issue for a period of at least ten continuous years).

Additionally, because Weldon failed to prove the elements of adverse possession, we need not consider whether Weldon's adverse possession claim was otherwise barred.  *See Futch*, 335 S.C. at 613, 518 S.E.2d at 598 (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.