**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Ryan Powell and Karen Powell, Appellants,

v.

SB Municipal is the Custodian of LBSC-11; LLC, SB MUNI Cust % LBSC; LLC, LB Park, LLC; Joshua Schrager; and Lambros Xethalis, Respondents.

Appellate Case No. 2023-001913

———————

Appeal From York County
William A. McKinnon, Circuit Court Judge

———————

Memorandum Opinion No. 2024-MO-006
Submitted January 24, 2024 – Filed February 14, 2024

———————

**AFFIRMED**

———————

Ryan Powell and Karen Powell, *pro se*.

Daniel Joseph Ballou, of Morton & Gettys, LLC, of Rock Hill, for Respondents.

———————

**PER CURIAM:** After numerous unsuccessful *pro se* attempts to challenge the 2017 tax sale of certain real property in York County and the associated action to

quiet title, Appellants commenced this action in the circuit court in 2023, again alleging various claims related to the tax sale and the action to quiet title. The circuit court dismissed all of Appellants' claims with prejudice and prohibited Appellants from filing further cases *pro se* related to the property without the circuit court's permission. Appellants filed a Rule 59(e), SCRCP, motion to alter or amend, which the circuit court denied. Appellants appealed the circuit court's order of dismissal and the order denying the Rule 59(e), SCRCP, motion to the court of appeals.

Appellants have now moved for this Court to certify the appeal from the court of appeals. We grant the motion to certify Appellate Case No. 2023-000775, dispense with briefing, and affirm the decision of the circuit court pursuant to Rule 220(b)(1), SCACR, and the following authorities: S.C. Code Ann. § 12-51-90(C) (2014) (providing if the defaulting taxpayer fails to redeem an item of real estate sold at a delinquent tax sale within two years, the tax deed issued is incontestable on procedural or other grounds); S.C. Code Ann. § 12-51-160 (2014) (providing an action for recovery of land sold at a tax sale must not be maintained unless brought within two years from the date of sale); S.C. Code Ann. § 15-11-40 (2005) (providing the court in which an action was commenced, in its discretion at any time after the action is settled, discontinued, or abated, on application of a person aggrieved and on good cause shown and on a notice as directed or approved by the court, may order a notice of lis pendens to be canceled by the county clerk in the office where the notice was filed or recorded); S.C. Code Ann. § 15-36-10(C)(1) (Supp. 2023) (setting forth the conditions under which a court shall impose sanctions on a *pro se* litigant for filing a frivolous claim); S.C. Code Ann. 15-36-10(G) (Supp. 2023) (setting forth allowable sanctions, including (1) reasonable costs and attorney's fees; (2) a reasonable fine to the court; or (3) a directive of a nonmonetary nature, including injunctive relief, designed to deter a future frivolous action or an action in bad faith); S.C. Code Ann. § 30-7-10 (2007) (providing that all conveyances of lands are valid so as to affect the rights of purchasers for valuable consideration without notice only from the day and hour they are recorded); Rule 60(b), SCRCP (providing that during the pendency of an appeal, leave to make a Rule 60, SCRCP, motion must be obtained from the appellate court); *Scratch Golf Co. v. Dunes West Residential Golf Props., Inc.*, 351 S.C. 117, 121, 603 S.E.2d 905, 908 (2004) ("For a preliminary injunction to be granted, the plaintiff must establish that (1) it would suffer irreparable harm if the injunction is not granted: (2) it will likely succeed on the merits of the litigation; and (3) there is an inadequate remedy at law."); *McDaniel v. U.S. Fid & Guar. Co.*,

324 S.C. 639, 644, 478, S.E.2d 868, 871 (Ct. App. 1996) (holding the definition of "void" under Rule 60(b)(4), SCRCP, only encompasses judgments from courts that failed to provide proper due process or judgments from courts that lacked subject matter jurisdiction or personal jurisdiction); *Carman v. S.C. Alcoholic Beverage Control Comm'n*, 317 S.C. 1, 6, 451 S.E.2d 383, 386 (1994) (holding under the doctrine of collateral estoppel, when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim); *Davis v. Monteith*, 289 S.C. 176, 180, 345 S.E.2d 724, 726 (1986) (holding to constitute adverse possession, the possession must be continuous, hostile, open, actual, notorious, and exclusive for the entire ten-year statutory period).

**AFFIRMED.**

**BEATTY, C.J., KITTREDGE, FEW, JAMES and HILL, JJ., concur.**