**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Larry Gregg, Appellant,

v.

Herman Smalls, III, Izetta Shaw a/k/a Syvetta Smalls, John Doe and Jane Doe, as fictitious names for a class of unknown persons being incompetents, minors, person in military service to the United States of America, imprisoned, and/or under any other form of legal disability, including but not limited to unknown heirs, devisees, distributes, administrators, or personal representatives of deceased persons Herman Smalls, Jr. and Lamont Green and all other persons known or appear of record to have some right, title, interest in or lien upon the real estate described in the complaint herein, Defendants.

Of whom Herman Smalls, III, and Izetta Shaw a/k/a Syvetta Smalls are Respondents.

Appellate Case No. 2022-000185

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

Unpublished Opinion No. 2024-UP-250
Submitted June 1, 2024 – Filed July 10, 2024

**AFFIRMED**

Karen Marie DeJong, of DeJong Law Firm, LLC, of Mt. Pleasant, for Appellant.

J. Christopher Lanning, of Brush Law Firm, of Charleston, for Respondent.

**PER CURIAM:**  Larry Gregg appeals the master-in-equity's order granting summary judgment in favor of Herman Smalls, III, and Izetta Shaw a/k/a Syvetta Smalls (collectively, Respondents), finding Gregg was unable to prove the hostility element for adverse possession of the disputed property because he had permission to live on the property and he did not satisfy the statutory time period for adverse possession for the limited time his possession was hostile.  On appeal, Gregg argues the master-in-equity erred in granting summary judgment because (1) Respondents were not the legal owners of the property until 2022, prior to which they could not have permitted Gregg to live there, and (2) there was evidence to support Gregg's adverse possession claim.  We affirm pursuant to Rule 220(b), SCACR.

1.  We hold the master-in-equity did not err in granting Respondents' motion for summary judgment because Respondents were the legal owners of the property; therefore, Respondents could permit Gregg to live on the property.  *See S. Glass & Plastics Co. v. Kemper*, 399 S.C. 483, 490, 732 S.E.2d 205, 208-09 (Ct. App. 2012) ("When reviewing the grant of a summary judgment motion, this court applies the same standard that governs the trial court under Rule 56(c) [of the South Carolina Rules of Civil Procedure]; summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *id.* at 490, 732 S.E.2d at 209 ("In determining whether a genuine issue of fact exists, the evidence and all reasonable inferences drawn from it must be viewed in the light most favorable to the nonmoving party.").  Here, the property in question originally was part of a larger tract of land owned by Respondents' family members until exclusive ownership of the property was conveyed to Herman Smalls, Jr. (Smalls)—Respondents' father—in 1985. Smalls died intestate in 2005, survived by Respondents.  Title to the property vested in Respondents, as Smalls's heirs, immediately upon his death.  *See Carter v. Wroten*, 187 S.C. 432, 432, 198 S.E. 13, 15 (1938) ("Title to real estate cannot remain in abeyance; it must be vested in someone."); *id.* ("When, therefore, a

person seized of real estate dies intestate, the title to such estate vests at once in his heirs, if he leaves any.").

2.  We hold the master-in-equity did not err in finding Gregg failed to satisfy the hostility element of adverse possession.  *See Kemper*, 399 S.C. at 490, 732 S.E.2d at 208-09 ("When reviewing the grant of a summary judgment motion, this court applies the same standard that governs the trial court [and] summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *id.* at 490, 732 S.E.2d at 209 ("In determining whether a genuine issue of fact exists, the evidence and all reasonable inferences drawn from it must be viewed in the light most favorable to the nonmoving party."); *McDaniel v. Kendrick*, 386 S.C. 437, 442, 688 S.E.2d 852, 855 (Ct. App. 2009) ("In order to establish a claim of adverse possession, the claimant must prove by clear and convincing evidence his possession of the subject property was continuous, hostile, actual, open, notorious, and exclusive for the statutory period."); *id.* at 441, 688 S.E.2d at 854 ("An adverse possession claim is an action at law."); *id.* at 441, 688 S.E.2d at 854-55 ("In an action at law tried without a jury, this court will not disturb the trial court's findings unless they are wholly unsupported by the record or controlled by an error of law.").  In 1986, Smalls gave Gregg express permission to move his mobile home onto the property. After Smalls's death in 2005, Respondents continued to allow Gregg to live on the property.  Respondents did not request Gregg vacate the property until 2019, which he refused to do.  At his deposition, Gregg testified he never intended to deprive Smalls and his heirs of their rights to the property, asserted he did not know who owned it, and averred that he never paid property taxes on or received a deed to the lot.  *See id.* at 442, 688 S.E.2d at 855 ("In order to establish a claim of adverse possession, the claimant must prove by clear and convincing evidence his possession of the subject property was continuous, hostile, actual, open, notorious, and exclusive for the statutory period."); *Jones v. Leagan*, 384 S.C. 1, 10, 681 S.E.2d 6, 11 (Ct. App. 2009) ("In South Carolina, adverse possession may be established if the elements of the claim are shown to exist for at least ten years."); *Davis v. Monteith*, 289 S.C. 176, 180, 345 S.E.2d 724, 726 (1986) (explaining possession is hostile if the claimant has entered the property without the owner's permission); *McDaniel*, 386 S.C. at 442-43, 688 S.E.2d at 855 ("[T]he hostility requirement is not necessarily predicated upon the claimant's conscience intention to possess the property against the true owner's wishes.  A claimant may establish adverse possession if he occupies the property under the mistaken belief that it belongs to him."); *id.* at 443, 688 S.E.2d at 855 (stating adverse possession requires a claimant to be on the property without the owner's consent); *id.* at 444, 688 S.E.2d at 856 (explaining that if a claimant begins using property with the

permission of the owner, it "may begin to satisfy the requirement of hostility upon a clear disclaimer of the owner's title"); *id.* at 443-44, 688 S.E.2d at 855-56 (concluding wife failed to establish her actions were hostile for most of the time she occupied the property, because she entered with the prior owner's—her husband's—permission, "remained there . . . with [daughter]'s tacit permission," and testified: (1) she knew the property was titled solely in husband's name when she was married to him; (2) she was aware it was titled solely in daughter's name when it was conveyed to her; and (3) wife knowingly never paid taxes on the entire lot, only her mobile home).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.