**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Wayne J. Rogers, Appellant,

v.

Tomika Craig and Arthur Rogers, Respondents.

Appellate Case No. 2024-002104

―――――――――

Appeal From Laurens County
Donald B. Hocker, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2026-UP-264
Submitted May 1, 2026 – Filed June 3, 2026

―――――――――

**AFFIRMED**

―――――――――

Thomas J. Thompson, of Townsend & Thompson, LLP, of Laurens, and Michael Bland Dodd, of Greenville, for Appellant.

Clayton L. Jennings, of Jennings Law Firm, LLC, of Greenville, for Respondents.

―――――――――

**PER CURIAM:** This appeal arises from an action brought by Wayne J. Rogers (Appellant) to set aside a deed conveying real property in Laurens County (the Property) to Tomika Craig and Arthur Rogers (collectively, Respondents).  On

appeal, Appellant argues the circuit court erred in finding (1) the deed was valid on its face, and (2) Appellant did not meet his burden to set aside the deed based on fraud or forgery.  We affirm.

**FACTS**

Respondents are the biological children of Appellant.  On March 18, 2022, Appellant commenced this action by filing a Summons and Complaint seeking a declaratory judgment setting aside a deed from Appellant to Respondents based on allegations that the deed was false, fraudulent, and forged.  The deed was executed on January 22, 2022, and recorded in Laurens County on February 4, 2022.

At the bench trial in October 2024, the court heard testimony from Appellant, his wife, his stepson, and his sister-in-law.  Appellant's stepson testified that on the day the deed was purportedly executed, he was home all day, and no visitors came to the home.  He testified to Appellant's history of Alzheimer's, dementia, and Parkinsons; however, when asked "in January of 2022[,] was [Appellant] capable of signing documents?" he responded "Yeah.  Yes, he's capable of signing.  Yes." Appellant testified to his medical history and admitted his memory was not good. Appellant was unable to answer multiple questions, and his testimony was often scattered, incongruous, and unclear.  Appellant's wife then testified that Appellant left work in 2015 because of his cognitive decline and after his Alzheimer's diagnosis, it was very rare to leave him alone.  She stated she was home all day on January 22, 2022, they had no visitors, and the signature on the deed does not resemble Appellant's signature.

Respondent Arthur testified and admitted he had forged Appellant's signature in the past and was prosecuted for those charges.  Arthur recalled meeting with Appellant and Tomika to discuss the deed, and he remembered Appellant saying something about wanting Respondents to return the Property to him.  After Appellant rested, Respondents moved for a directed verdict based on Appellant's failure to show by clear and convincing evidence that the deed should be set aside when it was valid and regular on its face.  The circuit court denied the motion, acknowledging that because this was a non-jury trial, he wanted to hear both sides.

Attorney Gary Williams next testified that he was a practicing attorney in Laurens for approximately thirty-four years and he had prepared deeds for multiple homes on Appellant's street during his career.  Attorney Williams testified that he went to Appellant's home to execute the deed on January 22, 2022, along with the witness, Roslyn Smith Johnson.  Attorney Williams identified Appellant in the courtroom

as the same person who signed the deed and ruled out the possibility that it was Arthur who executed the deed. Attorney Williams further agreed that it would not make sense to risk the loss of his license to practice law over attesting to the signature of someone who did not sign a deed for a fee of $265.00. Tomika then testified that in the beginning of 2021, Appellant showed her paperwork related to the Property and informed her that he owned the Property and wanted to leave it to his biological children. Tomika stated Appellant was using Townsend and Thompson attorneys "for the paperwork," and after she conducted her own research, she took the necessary paperwork to their office. She then contacted Attorney Williams and retained his services to prepare the deed. Tomika produced a Certificate of Title dated January 13, 2022, that transferred title of a mobile home on the Property from Appellant to Tomika.

At the close of the trial, the circuit court announced its ruling. It first stated that competency and undue influence were not before the court. It then denied Appellant declaratory relief, orally finding:

> I have testimony of Gary Williams, who is a longtime well-respected attorney in Laurens, who testified that it was indeed [Appellant] who signed the deed in question on January 22, 2022. I have that testimony versus the testimony of the plaintiff who has some form, not sure to what extent, but has some form of dementia currently. And he testified that he did not sign the deed. I think it's kind of a no brainer that I would side with the testimony of Mr. Williams.

A written order was entered on November 13, 2024, reflecting the court's oral rulings and specifically noting Appellant's inconsistent testimony, Attorney Williams' confirmation that the valid deed was properly recorded and in compliance with all applicable statutes, and there was no allegation in the complaint that Appellant lacked mental capacity at the time of execution or that the deed was the result of undue influence or coercion. The court held the deed was duly recorded, valid on its face, and Appellant did not meet his burden to set aside the deed based on fraud or forgery. Rather, the court found that testimony and evidence at trial demonstrated clear and convincing evidence that Appellant signed the deed. Appellant did not move for reconsideration, and this appeal followed.

**STANDARD OF REVIEW**

"An action . . . to set aside a deed [is a matter] in equity." *Shirey v. Bishop*, 431 S.C. 412, 421, 848 S.E.2d 325, 330 (Ct. App. 2020). "In reviewing a proceeding in equity, [an appellate] court may find facts based on its own view of the preponderance of the evidence." *Id.* (quoting *Greer v. Spartanburg Tech. Coll.*, 388 S.C. 76, 79, 524 S.E.2d 856, 858 (Ct. App. 1999)). "While this permits us a broad scope of review, we do not disregard the findings of the [court], who saw and heard the witnesses and was in a better position to evaluate their credibility." *Skipper v. Perrone*, 382 S.C. 53, 57, 674 S.E.2d 510, 512 (Ct. App. 2009) (quoting *Tiger, Inc. v. Fisher Argo, Inc.*, 301 S.C. 229, 237, 391 S.E.2d 538, 543 (1989)).

## LAW/ANALYSIS

Appellant argues the circuit court erred in finding the deed was valid on its face "despite overwhelming evidence that Appellant lacked the capacity to comprehend the nature of his act." Appellant further argues the circuit court erred in finding Appellant did not meet his burden to set aside the deed based on fraud or forgery "despite the overwhelming evidence indicating . . . either Arthur . . . forged the signature or that Appellant . . . lacked the capacity to comprehend the nature of his act." We hold Appellant's arguments based on incapacity and undue influence are not preserved for our review as they were not raised to and ruled upon by the circuit court. *See Fraternal Order of Police v. S.C. Dep't of Revenue*, 352 S.C. 420, 435, 574 S.E.2d 717, 725 (2002) (holding "[a]s the [issue] was not pleaded, discussed extensively at trial, or ruled upon by the [circuit court], it is not preserved for review"); *Staubes v. City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) ("It is well-settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit] court to be preserved for appellate review."); *Chastain v. Hiltabidle*, 381 S.C. 508, 515, 673 S.E.2d 826, 829 (Ct. App. 2009) ("When an issue is raised to but not ruled upon by the [circuit] court, the issue is preserved for appeal only if the party raises the same issue in a Rule 59(e) motion [to alter or amend]."). Accordingly, the only arguments before the court are based on fraud and forgery. We find the deed was valid and Appellant did not meet his burden to set aside the deed based on fraud or forgery.

"Where a deed is valid and regular on its face, it is presumed to be valid in all respects." *Davis v. Monteith*, 289 S.C. 176, 182, 345 S.E.2d 724, 727 (1986). A party seeking to invalidate a deed for fraud or misrepresentation must prove the allegation by clear and convincing evidence. *See Rivers v. Woodside Nat'l Bank of Greenville*, 150 S.C. 45, 49, 147 S.E. 661, 663 (1929) ("The deed under attack is regular and valid on its face, which gives rise to the presumption that it is valid in

all respects.  Being attacked for fraud and misrepresentations, it devolved upon plaintiff to make the fraud or misrepresentations appear by clear and convincing evidence.").

Here, the deed was duly recorded and was valid on its face; therefore, it is presumed to be valid in all respects.  *See* S.C. Code Ann. § 12-24-110 (2014) ("When an instrument has been recorded it is presumed that all requirements of law affecting the title to the realty have been complied with.").  Attorney Williams testified that the deed complied with all statutory requirements.  The deed identified the grantor and the grantees, contained the language provided by section 27-7-10 of the South Carolina Code (2007 & Supp. 2025), was properly witnessed and notarized as required by section 30-5-30 of the South Carolina Code (2007 & Supp. 2025), and contained a derivation clause required by section 30-5-35 of the South Carolina Code (2007).  It was recorded in the Register of Deeds for Laurens County on February 4, 2022, which created a strong presumption of validity that could only be overcome by clear and convincing evidence.  The only evidence presented to the court allegedly proving fraud was the testimony of Appellant, who openly suffered with mental impairments, and Respondents' stepfamily.[1]  Although Appellant was not required to call an expert witness to testify regarding the alleged forged signature, we believe further evidence and testimony was required to overcome Appellant's burden.  *See Davis*, 289 S.C. at 182, 345 S.E.2d at 727 (holding a deed should not have been set aside by the circuit court because it was duly recorded and valid on its face, and there was no evidence before the court to rebut the presumption of validity).

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[1] In its order, the circuit court declined to award Respondents their requested attorney's fees "considering all the circumstances related to this familial dispute." From our review of the record, it appears there was animosity between Appellant's biological family (Respondents) and his stepfamily.  This animosity was amplified during litigation.  We note this discord to reiterate the deference afforded to the circuit court to determine witness credibility included in our standard of review.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.